William HARTMAN, et al., Plaintiffs,

v.

ARLINGTON COUNTY,
VIRGINIA, Defendant.

Civ. A. No. 88–1418–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

May 1, 1989.

Quentin R. Corrie, Falls Church, Va., for plaintiffs.

Peter H. Maier, Arlington, Va., for defendant.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the court on defendant Arlington County's motion for summary judgment. Plaintiffs, thirty-four current or former employees of the Arlington County, Virginia Fire Department, brought this action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.* The employees seek declaratory, injunctive, and monetary relief, claiming they are entitled to premium overtime compensation for hours worked in excess of the statutory maximum during the time they held the rank of Fire Shift Commander. *See* 29 U.S.C. § 207(k). Arlington County denies any liability to the employees because Fire Shift Commanders are exempt from the FLSA overtime requirements under the Act's executive capacity exemption. *See* 29 U.S.C. § 213(a)(1).

Title 29 of the Code of Federal Regulations provides in section 541.1(f) that employees shall be deemed to be employed in an executive capacity if: (1) they are compensated on a salary basis at a rate not less than $250 per week; (2) their primary duty consists of managing the enterprise in which they are employed or a customarily recognized department or subdivision thereof; and (3) they customarily and regularly direct the work of two or more other employees.

The Court must determine if there are any material facts in dispute. Bald assertions of a factual dispute will not suffice. There must be sufficient evidence on which a jury could find for the plaintiffs. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

Addressing the three criteria of 29 C.F.R. § 541.1(f) in reverse order, there is no dispute that the third element of the executive exemption has been met. The Fire Shift Commander is generally the highest ranking County official at the fire station, and he or she directs the activity of two or more firefighters on the shift.

Regarding the second prong, plaintiffs contend that there is a genuine issue for trial concerning the "management" nature of the Fire Shift Commander duties. They argue that the Battalion Chief is the executive responsible for fire station management, not the Fire Shift Commander. Such an assertion, however, does not create a dispute of material facts.

Section 541.102(b) lists examples of work considered to be "management," such as: interviewing, selecting and training employees; directing work; apportioning

work among employees, handling complaints and grievances, selecting tools to be used, and providing for safety. 29 C.F.R. § 541.102(b). The regulations go on to say that management is considered a primary duty when it entails over 50% of the employee's time. However, time is not the sole factor, and management may still be a primary duty if other factors support this conclusion. These additional factors include: the relative importance of the managerial duties with respect to non-exempt duties; the frequency with which the employee exercises discretion; and the relationship between the manager's salary and the wages paid his subordinates. 29 C.F.R. § 541.103.

In 1986, the County had its employees complete Job Information Questionnaires (JIQs) to aid in the classification and creation of job descriptions. The plaintiffs completed the questionnaires along with other employees and indicated that their responses were accurate to the best of their ability. On the representative JIQs submitted as part of the record, plaintiffs estimated that they spend approximately five hours per day supervising fire and rescue emergencies as well as non-emergency public service calls; two to three hours per day engaged in administrative tasks such as record keeping, report writing and ordering supplies; three hours providing company training drills, maintenance of equipment, and upkeep of building and grounds; one hour supervising the daily shift meeting and assigning tasks; one hour assisting citizens with diverse problems; and one to two hours supervising the physical training of the company. Managerial-type responsibilities clearly comprise over 50% of the Fire Shift Commanders' work day. While plaintiffs do perform a variety of non-exempt tasks (*i.e.* cleaning the station house, assisting the public with directions), their responsibility for the readiness of equipment and crew and their supervisory function at the scene of a fire override the hours spent doing menial activities.

The Fire Shift Commanders are hired for their expertise in fire and rescue operations and not for their janitorial abilities. Plaintiffs' own admissions establish that their primary duty is the management of their fire station, which is a recognized subdivision of the County Fire Department. There is no dispute that their primary duty consists of managing in their department.

■ Finally, the Fire Shift Commanders are compensated on a salary basis at a rate not less than $250 per week. Plaintiffs are paid a yearly salary of between $37,691.68 and $53,162.72. The paychecks issued every two weeks are without regard to the number of days or hours actually worked. No deductions are made from plaintiffs' pay except those permitted under 29 C.F.R. § 541.118(a). Plaintiffs' claim they are not salaried because they receive additional pay at an hourly rate for each hour worked beyond their regular schedule. However, this practice is expressly permitted by § 541.118(b) and does not defeat the executive exemption.

■ Plaintiffs further claim they are not salaried because the County has a policy that if an employee exhausts his leave and works a partial shift, he is paid only for the actual hours worked. This policy was changed on January 9, 1989 when County Manager Anton S. Gardner approved the recommendation of Personnel Director Alan V. Christenson submitted January 4, 1989. Under the new policy, salaried county employees are not subject to a deduction for absences of less than one work day. Arlington County Administrative Regulation 2.12, Section 7.1.3. The revision was made retroactive to April 15, 1986. While the County may or may not have complied with the FLSA on this point in the past, Arlington County clearly is in compliance now. Section 541.118(a)(6) provides a "window of correction" which the County has properly utilized. *See Harkins v. City of Chesapeake*, No. 88–25–N (E.D.Va. Dec. 2, 1988) (§ 541.118(a)(6) still in effect and the window of correction still open).

Under § 541.118(a)(6), any inadvertent deductions will not result in the loss of the exemption if the employer reimburses the employee and promises to comply in the

future. By revising its policy, the County has demonstrated its compliance with the regulation and its intent to comply in the future. Between April 15, 1986 and the time of the revision, the County had inadvertently deducted salary from seven exempt employees for absences of less than one full day. The County has since reimbursed the employees for these deductions. None of the seven individuals were employed by the Fire Department. There is no dispute that plaintiffs are salaried employees.

As plaintiffs are salaried employees paid more than $250.00 per week whose primary duty is the management of their fire station in which they regularly direct the work of two or more other employees, and as there are no genuine issues of material fact to be resolved, defendant Arlington County's motion for summary judgment is granted, and this case is dismissed. An appropriate order shall issue.