INTERNATIONAL ASSOCIATION OF
FIRE FIGHTERS, ALEXANDRIA
LOCAL 2141, et al., Plaintiffs,

v.

The CITY OF ALEXANDRIA,
VIRGINIA, Defendant.

ALEXANDRIA COMMITTEE OF PO-
LICE IUPA, LOCAL 5, AFL–CIO,
et al., Plaintiffs,

v.

The CITY OF ALEXANDRIA,
VIRGINIA, Defendant.

Civ. A. Nos. 89–161–A, 89–009–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Aug. 31, 1989.

Michael T. Leibig, Zwerdling, Paul, Leibig, Kahn Thompson & Driesen, Washington, D.C., for plaintiffs.

Philip G. Sunderland, Office of the City Atty., Alexandria, Va., for defendant.

## MEMORANDUM OPINION

HILTON, District Judge.

*International Association of Fire Fighters, Alexandria Local 2141, et al. v. The City of Alexandria,* C.A. No. 89–161– A, is an action brought by thirty-six captains and lieutenants employed by the Alexandria Fire Department and one retired fire captain pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq. Alexandria Committee of Police IUPA, Local 5, AFL–CIO v. The City of Alexandria,* C.A. No. 89–009–A, is an FLSA action brought by ten police sergeants employed by the Alexandria Police Department. Both sets of plaintiffs seek declaratory, injunctive and monetary relief, claiming they are entitled to premium overtime compensation for hours worked in excess of the statutory maximum. *See* 29 U.S.C. § 207(k). The City denies any liability on the basis that the employees are exempt from the FLSA overtime requirements under the Act's executive or administrative exemptions. *See* 29 C.F.R. §§ 541.1(f) and 541.2(e).

These cases were joined for purposes of plaintiffs' and defendant's motions for summary judgment.[1] The cross motions for summary judgment were denied June 27, 1989, because genuine issues of material fact existed. Pursuant to an agreement between the parties and leave of court, these cases are now before the court for trial on stipulated facts.

Title 29 of the Code of Federal Regulations provides that employees shall be deemed to be employed in an executive capacity if: (1) they are compensated on a salary basis at a rate not less than $250 per week; (2) their primary duty consists of managing the enterprise in which they are employed or a customarily recognized department or subdivision thereof; and (3) they customarily and regularly direct the work of two or more other employees. 29 C.F.R. § 541.1(f). Employees may fall within the administrative exemption if: (1) they are compensated on a salary basis at a rate not less than $250 per week; (2) their primary duty consists of office or nonmanual work directly related to management policies or general business operations of the employer; and (3) the office or nonmanual work includes work requiring the exer-

---

1. By order of April 21, 1989 each case was bifurcated into a Stage I (liability) and a Stage II (damages). Under the order, Stage I was to be tried separately from Stage II.

cise of independent judgment. 29 C.F.R. § 541.2(e). The employer bears the burden of showing that an employee is exempt under the Act. *Corning Glass Works v. Brennan,* 417 U.S. 188, 196–97, 94 S.Ct. 2223, 2228–29, 41 L.Ed.2d 1 (1974); *Walling v. General Industries Co.,* 330 U.S. 545, 548–49, 67 S.Ct. 883, 884–85, 91 L.Ed. 1088 (1947).

■ The City claims that all plaintiffs are paid on a salary basis as defined in 29 C.F.R. § 541.118. Plaintiffs dispute this argument on several grounds. First, plaintiffs claim they are nonsalaried because they receive additional pay at an hourly rate for each hour worked beyond their regular schedule. This practice, however, will not defeat the executive or administrative exemption because it is expressly permitted by the labor regulations. *See* 29 C.F.R. § 541.118(b). Nor will the docking of leave or accrued compensatory time for absences of less than an entire day defeat salaried status. Under 29 C.F.R. § 541.118(a), an employee is considered salaried when he regularly receives a predetermined amount constituting all or a part of his compensation. While personal leave, sick leave and/or compensatory time may be part of an employee's compensation package, it does not constitute salary. Moreover, in a July 17, 1987 letter ruling interpreting agency regulations, the Department of Labor stated that while deductions in salary are not permitted for absences of less than a day, an employer may require an employee to substitute paid leave for such absences without losing the exemption. *See* Administrative Letter Rulings: Department of Labor, Wage and Hour Division, July 17, 1987.

■ However, reducing an employee's salary for absences of less than one day will defeat an executive or administrative exemption. At one time, the City had a regulation which provided for such a practice. This policy was changed on April 7, 1989, when the City Manager Vola Lawson amended Administrative Regulation ("A.R.") 6–18 to conform with federal regu-

lation. The amendment was made retroactive to April 15, 1986, and the City undertook to identify and reimburse exempt employees whose pay had been inadvertently docked. Twenty-six employees (none of them plaintiffs) experienced unauthorized reductions, and approximately $2,200 was refunded.

■ Under 29 C.F.R. § 541.118(a)(6), any inadvertent deductions will not result in the loss of the exemption provided the employer reimburses the employees and promises to comply in the future. By revising its policy, the City has demonstrated its compliance with the regulation and its intent to comply in the future. In addition, the City has taken the steps necessary to identify and reimburse the affected employees. For these reasons, the City has properly utilized the "window of correction," and the exemption it seeks to establish will not be defeated on the issue of salary. *See Harkins v. City of Chesapeake,* No. 88–25–N (E.D.Va. Dec. 2, 1988) (§ 541.118(a)(6) still in effect and the window of correction still open).

The next step in establishing exempt status concerns the executive or administrative nature of the duty assignments. The police sergeants have occupied nine duty assignments since April 15, 1986. These assignments have been: (1) patrol sergeant; (2) vice/narcotics sergeant; (3) tactical sergeant; (4) communications sergeant; (5) criminal investigations sergeant; (6) fiscal management sergeant; (7) planning sergeant; (8) internal investigations sergeant; and (9) animal shelter sergeant. The City has decided to treat the first five duty assignments as within the executive employee exemption and the remaining four either as within the administrative exemption or as within a combined executive/administrative exemption.[2] The fire captains have occupied two duty assignments since April 15, 1986: (1) station commander captain; and (2) engine company captain. The City treats both assignments as within the executive exemption. The fire lieutenants have occupied four duty

---

**2.** The regulations permit "tacking," so that a person who performs a combination of executive and administrative duties may qualify for an exemption. 29 C.F.R. § 541.600.

assignments since April 15, 1986: (1) truck company lieutenant; (2) swing lieutenant; (3) training lieutenant; and (4) administrative services lieutenant. The City has determined to treat all four lieutenant assignments as within the executive exemption while noting that the last two (training and administrative services) are also within the administrative exemption.

Of these fifteen duty assignments, the parties have agreed that eight meet the "primary duty" test of the executive or administrative exemption as applicable. The remaining seven at issue are: patrol sergeant, tactical sergeant, vice/narcotics sergeant, engine company captain, swing lieutenant, truck lieutenant, and training lieutenant. Defendant maintains that the first six are exempt as executive work meaning that the primary duty consists of management of the enterprise or a commonly recognized subdivision. Section 541.102(b) lists examples of work considered to be "management," such as: interviewing, selecting and training employees; directing work; apportioning work among employees; handling complaints and grievances; selecting tools to be used; and providing for safety. Under the regulations, management is considered to be a primary duty when it entails over 50% of the employee's time. 29 C.F.R. § 541.103. However, this 50% requirement is only a "rule of thumb," and management may be a primary duty even if less than 50% of the employee's time is spent in management tasks provided other factors support this conclusion. These additional factors include such things as the relative importance of the managerial duties with respect to non-exempt duties; the frequency with which the employee exercises discretion; and the relationship between the manager's salary and the wages paid his subordinates. 29 C.F.R. § 541.103.

■ In a number of the duty assignments, there is no question that plaintiffs are in charge of the unit they supervise. However, when examined from the perspective of their role within the entire fire or police department and when factoring in the lesser degree of discretion and autonomy they exercise, it cannot be said that their primary duty is management as contemplated by the definitions and guidelines set forth in the regulations. Supervising, while an important aspect of management, is not the equivalent of management. This is true of the patrol sergeant, the tactical sergeant, the vice/narcotics sergeant, the truck lieutenant, and the swing lieutenant.

■ With respect to engine company captains, their primary duty is management of an entire station house during their shift; therefore, they meet the executive exemption requirements. *See Hartman v. Arlington County*, 720 F.Supp. 1227 (E.D.Va.1989) (the duties of the engine company captain are similar to the fire shift commander position). Three of these captains are assigned to each station; one is on duty for each shift. One of the three is designated station commander. Lieutenants serving under the engine company captain may supervise the activities on a particular piece of equipment or the execution of a project, but they lack the managerial authority which characterizes the position of heading up each shift at the fire station.

■ The training lieutenant must be analyzed differently since the City chooses to place it under a combination of the executive and administrative exemptions. To qualify for the administrative exemption, an employee's primary duty must consist of office or nonmanual work directly related management policies or general business operations. 29 C.F.R. § 541.2(e). The administrative operations include the work performed by "so-called white-collar employees engaged in 'servicing' a business" including activities such as advising management, planning, negotiating, purchasing, promoting sales, and business research and control. 29 C.F.R. § 541.205(b). Employees need not operate at a level where they formulate management policies in order to qualify for the administrative exemption. It is sufficient that the work affect policy or that the employee is responsible for executing or carrying out policy. 29 C.F.R. § 541.205(c). Examples giv-

en in the regulations include credit managers, safety directors, claim agents, analysts, etc. The work must also require the exercise of independent judgment. 29 C.F.R. § 541.2(e). The training lieutenant falls within this classification. He or she is the officer responsible for the development and administration of all training programs for the fire department. While at this post, the training lieutenant works an eight hour day and does not participate in fire suppression. The training division is analogous to the function of a personnel department or a safety department which the regulations cite as examples of exempt administrative work. *See* 29 C.F.R. § 541.201(a)(2)(ii). For these reasons, the duty assignment of training lieutenant meets the primary duty test for exemption.

The final condition for exemption from premium overtime under the executive exemption is that the employee must regularly direct the work of two or more other employees. Establishment of this requirement has never been at issue in this case.

In summary, plaintiffs holding positions in the following duty assignments are entitled to premium overtime because their primary duty is not management as defined by the labor regulations; consequently, the positions are not exempt. These duty assignments are: patrol sergeant, vice/narcotics sergeant, tactical sergeant, truck company lieutenant, and swing lieutenant. All other duty assignments presented in this matter are exempt from premium overtime because they satisfy either the executive or administrative exemption, or in the case of the training lieutenant, a combination of the two.

An appropriate order shall issue to set a hearing for further proceedings or to enter a final order in accordance with this opinion.