**Elizabeth DOLE, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**WALKER AND ARMSTRONG, a partnership consisting of Archie H. Walker and George Armstrong, Defendants.**

**No. CIV–88–1371–PHX–RCB.**

United States District Court, D. Arizona.

April 26, 1990.

Daniel W. Teehan, Regional Sol., George B. O'Haver, Office of the Solicitor, U.S. Dept. of Labor, San Francisco, Cal., James P. Loss, Asst. U.S. Atty., U.S. Dept. of Justice, D. Arizona, Phoenix, Ariz., for plaintiff.

John J. Egbert, Jennings, Strouss & Salmon, Phoenix, Ariz., for defendants.

## ORDER

BROOMFIELD, District Judge.

The Department of Labor brought this action against defendants Walker and Armstrong to enjoin alleged overtime and record keeping violations of the Fair Labor Standards Act and to recover back wages on behalf of defendants' employees who are employed as tax preparers and bookkeepers. The parties entered into a stipulation of facts submitted to this Court on February 1, 1990. On the same date, plaintiff moved for partial summary judgment on the narrow issue of whether the employees in question are paid on a "salary basis" as required by the regulations promulgated at 29 CFR § 541 *et seq.* Plaintiff contends that the employees are not being paid on a "salary basis", and thus are not exempt as professional or administrative employees under 29 CFR §§ 541.2 and 541.3. Defendants contend that the employees are being paid on a "salary basis" and that they may invoke the professional and administrative exemptions by satisfying the reimbursement requirements of 29 CFR § 541.118(a)(6).

■ The Fair Labor Standards Act requires payment of overtime compensation for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207. However, Section 213(a)(1) provides that "executive, administrative, and professional employees" are exempt from § 206 and § 207 which provide for minimum wage and overtime compensation. The employer bears the burden of proving that its employees are exempt under the Act. *Walling v. General Industries Company,* 330 U.S. 545, 548–49, 67 S.Ct. 883, 884–85, 91 L.Ed. 1088 (1947); *Corning Glass Works v. Brennan,* 417 U.S. 188, 196–97, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974). In addition, to be entitled to an exemption the employer must demonstrate that its employees meet every aspect of the definition for an exempt employee. *Hodgson v. Barge, Waggoner, & Sumner, Inc.,* 377 F.Supp. 842, 844 (M.D.Tenn.1972).

■ For defendants to claim exempt status under the professional and administrative exceptions, the employees must be paid on a salary basis. The term "salary basis" is defined in § 541.118 which provides:

(a) An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work.

**1054**

■ Under the exceptions in § 541.118(a) deductions made when an employee is absent for a day or more for personal reasons or for sickness or disability if the employer has a disability plan do not affect the salaried status of an employee. Sections 541.-118(a)(2) and (3). However, deductions made for absences less than a day fall under neither exception in subsections (2) and (3). *Knecht v. City of Redwood City,* 683 F.Supp. 1307 (N.D.Cal.1987). Moreover, reducing an employee's salary for absences of less than one day will defeat an executive or administrative exemption. *Fire Fighters Local 2141 v. City of Alexandria, Va.,* 720 F.Supp. 1230, 1232 (E.D. Va.1989).

After review of the parties pleadings and stipulation of facts, this Court finds that defendants' employees are not paid on a salary basis under § 541.118. The employee's hours were recorded on a daily basis and compensation was directly related to hours worked. There was never a salary paid as defined in § 541.118. Therefore, defendants' employees are not exempt as professional and administrative employees under § 541.2 and 541.3.

Section 541.118(a)(6) provides no refuge for defendants. Section 541.118(a)(6) states:

(6) The effect of making a deduction which is not permitted under these interpretations will depend upon the facts in a particular case. Where deductions are generally made when there is no work available, it indicates that there was no intention to pay the employee on a salary basis. In such a case the exemption would not be applicable to him during the period when such deductions were being made. On the other hand, where a deduction not permitted by these interpretations is inadvertent, or is made for reasons other than lack of work, the exemption will not be considered to have been lost if the employer reimburses the employee for such deductions and promises to comply in the future.

■ Improper deductions do not require a finding of nonsalary status, but this determination "depends on the facts in the particular case." *Brock v. Claridge Hotel & Casino,* 846 F.2d 180, 184 (3rd Cir.1988).

In the instant case, defendants' deductions cannot be characterized as one-time or inadvertent deductions but rather reflect a settled policy of subjecting the pay of its employees to improper deductions. Because defendants' employees are not paid on a salary basis, § 541.118(a)(6) does not apply. Furthermore, § 541.118(a)(6) only preserves exempt status if an employer can show from the onset that his/her employees are entitled to such status. Because defendants' employees are not paid on a salary basis and thus not exempt under the Fair Labor Standards Act, there is no preservable exempt status under § 541.118(a)(6).

■ Finally, defendants reliance on *Fire Fighters Local 2141 v. City of Alexandria, Va.,* 720 F.Supp. 1230 (E.D.Va.1989) and the "window of correction" is inappropriate because they have failed to take the necessary steps to utilize this device. In *Fire Fighters Local,* the City/employer changed its policy on April 7, 1989 to conform with the federal regulations. The amendment was made retroactive to April 15, 1986, and the City undertook to identify and reimburse exempt employees whose pay had been inadvertently docked. *Id.* at 1232. The court held that by revising its policy, the City had demonstrated its compliance with the regulation and its intent to comply in the future. *Id.* In addition, because the City had taken the steps necessary to identify and reimburse the affected employees, they had properly utilized the "window of correction." *Id.* Defendants here have not taken any similar steps to change their policies but instead just promise to reimburse their employees. The *Fire Fighters Local* case illustrates that positive steps need to be taken by an employer; mere lip service will not be sufficient.

IT IS HEREBY ORDERED that the plaintiff's Motion for Partial Summary Judgment is granted.

IT IS FURTHER ORDERED denying defendants Cross–Motion for Partial Summary Judgment.