**John J. HILBERT, et al., Plaintiffs,**

v.

**DISTRICT OF COLUMBIA, Defendant.**

Civ. A. No. 90–2973.

United States District Court,
District of Columbia.

April 2, 1992.

Michael J. Riselli, Riselli & Pressler, P.C., Washington, D.C., for plaintiffs.

David S. Healy, Washington, D.C., for plaintiffs-intervenors.

Ruthanne G. Miller, Asst. Corp. Counsel, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

■ Plaintiffs filed this action seeking a declaratory judgment from this Court establishing that they were entitled to overtime compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* They also sought back pay for the two years before they filed their complaint as well as the time from the date of filing

to the date of the decision for the difference between the overtime compensation they actually received and the overtime compensation to which they were entitled under the FLSA. The Court entered an order granting summary judgment to the plaintiffs on February 25, 1992. Defendants have now submitted a motion seeking to alter or amend the judgment.

### A. *Construction of the FLSA*

■ The Court rejects defendant's claim that the plaintiffs in this case are salary basis employees despite the fact that they receive overtime compensation, calculated at an hourly rate, under the aegis of a District of Columbia statute. Although the regulations under the FLSA state that "additional compensation besides the salary is not inconsistent with the salary basis of payment," 29 C.F.R. § 541.118(b), the example given to illustrate the regulation is a "branch manager who receives a salary of $155 or more a week and in addition, a commission of 1 percent of the branch sales." *Id.* The Court disagrees with the decisions reached in *Hartman v. Arlington County, Va.,* 720 F.Supp. 1227 (E.D.Va.1989) and *International Association of Fire Fighters, Alexandria Local 2141 v. City of Alexandria,* 720 F.Supp. 1230 (E.D.Va.1989), where it was determined that captains, lieutenants and fire shift commanders who received a base salary plus additional compensation calculated on an hourly rate were salary basis employees. While some additional compensation beyond a salary may still be permissible, where that compensation is measured by the number of hours worked and is paid at an hourly rate, there is a clear indication that the employee is not working on a salary basis.

In addition, neither of the Alexandria opinions cites a statute or ordinance prescribing how overtime compensation would be paid to the firefighters. The system of compensation for the plaintiffs in this case has not been set through a temporary administrative decision or through informal practice. There has been a formal legislative decision, memorialized in a statute, that police and fire department personnel serve unique functions and face special challenges in their work. They are compensated accordingly, based on the hours they work. If the District of Columbia makes a legislative change in the compensation system for police and fire personnel, some of them may become salary basis employees, but as the law now stands, none of them are.

Defendant points to a letter ruling from the Wage and Hour Division of the Department of Labor to support its position. That letter, dated January 15, 1986, concerns whether deduction of sick leave on an hourly basis affects an employee's status as a salary basis employee. That is a very different question from the one posed here where actual compensation for hours worked beyond the basic workweek is being calculated on an hourly basis. Defendant also cites *Nairne v. Manzo,* C.A. No. 86–0206, 1986 WL 12934 (E.D.Pa. Nov. 14, 1986), but that case concerns the terms of an agreement between two private parties. The employee was given an hourly rate of pay but she was promised a minimum weekly payment regardless of the number of hours she worked. Her pay records indicated that she was paid for at least thirty-two hours of work in a week although at times she worked considerably less. That promise undermined the proposition that she was being paid on a non-salary basis. The plaintiffs in this case have a direct correlation between the number of hours they actually work and their paychecks. They are not salary basis employees within the meaning of 29 C.F.R. 541.118.

### B. *Other Overtime Statutes*

The determination that the plaintiffs are not salary basis employees is based on the existence of a special statute covering only employees of the police and fire departments. *See* D.C.Code § 4–1104. Other District personnel are eligible for overtime under 5 U.S.C. § 5541, a generic statute covering a vast range of public employees. The District maintains that the FLSA did not override "any existing District pay laws." *See* Department of Personnel Manual Instruction 11B–4. However, the

FLSA may well have overridden 5 U.S.C. § 5541. If it was overridden, then there is no overtime statute in force that would cause most District employees to be paid on a non-salary basis. Nonetheless, even if section 5541 is still in force, by dint of D.C.Code § 1–612.4(e) or some other means, police and fire personnel are still a special case.

The separate law covering District of Columbia police and fire personnel, all the way up to the chief of the police department, is tailored to a select group of employees. It recognizes that "police and fire department jobs are unique." *See* Memorandum Opinion at 8. In fact, 5 U.S.C. § 5541 reinforces that view. Section 5541 defines all District of Columbia employees as eligible for premium pay under the terms of 5 U.S.C. § 5542 but then gives a list of exceptions. Members of the Metropolitan Police, the Fire Department, the Park Police and the Executive Protective Service are explicitly exempted. *See* 5 U.S.C. § 5541(2)(A)(iv).[1] This Court's opinion will in no way open a "floodgate" of employees claiming they are entitled to overtime because the District has not enacted special compensation statutes for all employees.

If the District of Columbia remains unhappy about the status of its high-ranking police officers under the FLSA, it can amend the statute that now treats them as hourly employees and pays them specifically on an hourly basis for their overtime hours. Until the statute is changed, their positions will not meet the salary basis test.

C. *Freedom of the Court to Choose its Reasons*

Lastly, defendants argue that they are entitled to reconsideration because the Court based its decision on a legal argument that neither party presented in its written briefs. Specifically, defendant argues, "As the grounds for this request, defendant respectfully submits that the crux of this Court's decision ... was not fully addressed by the parties, but arrived at *sua sponte* by this Court." Defendant's Motion to Alter or Amend Judgment, 1. Such a contention is not a viable ground for reconsideration.

■ To say now that the Court was not free to rest its decision on certain reasoning because that reasoning did not appear in the parties' briefs is to treat the Court like a puppet that can only move when the parties pull the strings. The Court is always free to base its judgments on whatever legal arguments it finds applicable and persuasive. Although the parties may not have presented complete arguments in their briefs or at hearings in court, they did not fail to do so because they lacked the opportunity. At the initial hearing on summary judgment held on December 11 and 12, 1991, the Court specifically asked the parties how the FLSA was to be interpreted in light of Public Law 89–282, 79 Stat. 1013 (1965), now codified as D.C.Code § 4–1104. After hearing the parties, the Court took the matter under advisement and rendered its judgment on February 25, 1992. It is required to do no more. Clearly the Court is under no duty to continuously vet its own cognitive processes to the parties every time it comes up with a thought that has not been fully briefed or discussed. While a Court may at times seek additional briefing from the parties, it is not required to do so. There comes a time when litigation must finally be put to rest. The decision in this case is based on the relevant statutes and regulations to the best this Court has been able to determine. That judgment will stand.

1. Other groups of employees are also excluded from the ambit of section 5542 including District of Columbia teachers, heads of agencies, Foreign Service employees, Tennessee Valley Authority employees and a handful of others.