**Janice BENZLER, et al., Plaintiffs,**

**v.**

**STATE OF NEVADA, et al., Defendants.**

**No. CV–N–91–62–ECR.**

United States District Court,
D. Nevada.

July 22, 1992.

---

Walter R. Tarantino, Carson City, Nev., for plaintiffs.

Frankie Sue Del Pappa, Atty. Gen., James T. Spencer, Deputy Atty. Gen., Carson City, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

On October 30, 1991, this Court entered an order (document #25) consolidating this case with CV–N–91–208–ECR. The Court held, however, that the attorneys in each case would remain as lead counsel for their respective clients. On April 17, 1992, plaintiffs represented by Mr. Tarantino filed (document #32) a motion for partial summary judgment. Defendants filed an opposition (document #36) on May 15, 1992. Mr. Tarantino replied (document #38) on behalf of his clients on May 28, 1992.

In the meantime, on May 1, 1992, plaintiffs represented by Ms. McCoy filed (document #35) their own motion for summary judgment. In addition to joining in the motion and points and authorities filed by Mr. Tarantino's clients, Ms. McCoy's clients added points and authorities of their own. On May 15, 1992, defendants filed (document #37) an opposition. In addition to addressing the merits, defendants assert that Ms. McCoy's clients' motion is untimely. Ms. McCoy's clients replied (document #39) on May 28, 1992. Both motions are ripe for adjudication.

We first determine whether we will consider the motion for summary judgment filed on behalf of Ms. McCoy's clients. We conclude that we will consider such motion. First, we are not firmly convinced that the motion was untimely filed. Even if it was, however, defendants have not even asserted, let alone attempted to show by way of evidence, that they will be prejudiced unfairly by the Court considering the merits of the motion. The policy of this Court is to decide motions on their merits when to do so will not constitute a miscarriage of justice. Consequently, the Court will consider Ms. McCoy's clients' motion.

We consider first the issues raised in Mr. Tarrantino's motion. These issues apply to Ms. McCoy's clients, as well as to Mr. Tarrantino's clients. Subsequently, we will consider the issues raised in Ms. McCoy's motion, which apply only to her clients.

Plaintiffs request first that the Court hold that for the period between February 11, 1988 and June 26, 1991, plaintiffs were not statutorily exempt from the section of the Fair Labor Standards Act ("FLSA") requiring that they be compensated at one and one-half times their normal rate for overtime work ("1.5 overtime") because they were not salaried employees. Defendants do not challenge this assertion, apparently agreeing that under the "salary basis test" from *Abshire v. County of Kern,* 908 F.2d 483 (9th Cir.1990), *cert. denied* —— U.S. ——, 111 S.Ct. 785, 112 L.Ed.2d 848 (1991), plaintiffs were not bona fide executives and were not paid on a salary basis. Further, defendants do not assert that the "window of corrections" defense under 29 C.F.R. § 541.118(a)(6) insulates them from liability for this period.

Therefore, plaintiffs were entitled to one and one-half times their normal rate for overtime work as provided by the FLSA for the period between February 11, 1988, or some other time, and June 26, 1991, because they were not salaried employees. Whether plaintiffs filed their complaints in time to receive relief all the way back to February 11, 1988, however, will be discussed below. For whatever time period is relevant, plaintiffs are entitled to summary judgment on this issue from the earliest date possible under the statute of limitations to June 26, 1991.

Plaintiffs assert next that the Court should hold that for the period between June 27, 1991 and the present, plaintiffs were not statutorily exempt from the section of the Fair Labor Standards Act ("FLSA") requiring that they be compensated at 1.5 overtime because they were not salaried employees. Defendants vigor-

ously oppose this aspect of the motion, arguing that at least for this period, plaintiffs were paid on a salary basis. The distinction between the undisputed period and this period is as follows.

■ The *Abshire* Court noted that for an employee to be paid on a "salary basis," and therefore not be entitled to 1.5 overtime, the employee must receive each pay period a pre-determined amount which is all or part of the compensation, and not subject to decrease due to variations in the amount or quality of the work done. *See* 29 C.F.R. § 541.118(a). As stated, the parties agree that before June 27, 1991, plaintiffs were not on a salary basis because their pay was subject to decrease due to variations in the amount of work done.

■ The Nevada legislature, however, amended NRS 281.1275, the relevant statute in June, 1991. Before the amendment, as stated, employees' actual pay was reduced for absences from work of less than one day. Under the amendment, the pay of a state employee who is not entitled under state law to 1.5 overtime cannot be reduced for absences of less than one day. *See* NRS 281.1275(1). Rather, absences of such an employee of less than one day must be accounted for by use of accrued leave or compensatory time appropriate to the absence. *See* NRS 281.1275(2). If no such time is available or has been exhausted, the absence can be accounted for by granting administrative leave with pay. *Id.*

This statute is important because if, after June 27, 1991, plaintiffs' "compensation" continued to be reduced due to variations in the amount of work done, such would be indicative of non-salaried status. As non-salaried employees, plaintiffs would not be exempt under the FLSA, 29 U.S.C. 213(a)(1), and would be entitled to 1.5 overtime pay. On the other hand, if their "compensation" was not reduced due to variations in the amount of work done, such would be indicative of salaried status. As salaried employees, plaintiffs would be exempt under the FLSA, 29 U.S.C. 213(a)(1), and would not be entitled to 1.5 overtime. As is apparent, the crucial task in this issue

is defining plaintiffs' "compensation" for purposes of 29 C.F.R. § 541.118(a).

Defendants assert that this statutory scheme ensures that plaintiffs are paid on a salary basis under *Abshire* and the FLSA regulations because their compensation is not subject to decrease due to variations in amount of work done. That is, under the amended statute, plaintiffs' base pay will not be reduced because they work less than a full pay period by being absent less than one day at a time. Defendants contend that docking accrued leave and compensatory time is not tantamount to reducing plaintiffs' "compensation."

Plaintiffs concede that beginning June 27, 1991, their base pay could not be docked on account of absences of less than one day. They contend, however, that "compensation" encompasses a broader definition than base pay. Plaintiffs assert that reducing their accrued leave or compensatory time on account of variations in amount of work done is tantamount to reducing their compensation. That is, plaintiffs assert that under NRS 281.1275(2), their compensation continues to be reduced based on variations in the amount of work done, indicating that they are not paid on a salary basis.

In *Abshire,* the Ninth Circuit, in dicta, indicated that docking compensatory time and accrued leave is indicative of non-salaried status. *Abshire,* 908 F.2d at 487, n. 3. The statement was dicta because in that case, plaintiffs' base pay was reduced. Thus, while the *Abshire* court did not hold that docking compensatory time and accrued leave is tantamount to reducing compensation, it did indicate that presented with the appropriate facts, it would so hold.

Defendants cite two cases out of district courts in the Fourth Circuit, affirmed by Fourth Circuit panels, holding that docking accrued leave and compensatory time is not equivalent to docking base pay, and therefore, docking such leave and compensatory time does not affect salaried status. *International Ass'n of Firefighters v. City of Alexandria,* 720 F.Supp. 1230, *aff'd* 912 F.2d 463 (4th Cir.1990); *Hartman v. Ar-*

lington County, Virginia, 720 F.Supp. 1227, aff'd. 903 F.2d 290 (4th Cir.1990).

We agree with plaintiffs' position. First, while the Ninth Circuit has not spoken directly on the issue presented, it has given a strong indication that it likely would adopt plaintiffs' position. We of course are bound by Ninth Circuit authority, whereas authority from other circuits is only persuasive. Second, we hold that the better conclusion is that docking accrued leave and compensatory time is tantamount to reducing compensation.

An employee's compensation includes more than the amount of cash received each pay period. For example, an employee may be entitled to health insurance and life insurance. Similarly, vacation time and other "fringe benefits" often are included in an employee's package. When an employee is considering between two jobs, the employee might choose one over the other because, for example, the one job gives the employee more vacation time, which is the same as accrued leave. Thus, clearly, while not cash, "fringe benefits" are an integral part of an employee's compensation.

By reducing such benefits when the employee's amount of work is reduced by less than one day, the employer is reducing part of the predetermined amount of compensation on the basis of the amount of work done. Presumably, since vacation benefits and compensatory time are part of en employee's benefits, they form part of the decision in deciding whether or not to take a job. Like docking base pay, docking compensatory time and accrued leave indicates non-salaried status because the employee's compensation is reduced on account of the amount of work done.

Consequently, we conclude that even though defendants no longer reduce plaintiffs' base pay, they do reduce plaintiffs' compensation on the basis of the amount of work done when they dock accrued leave and compensatory time for absences of less than one day. As such, this is one strong indication that plaintiffs were not paid on a salary basis from June 27, 1991 to the present.

Plaintiffs assert two other bases indicating that they were not salaried employees from June 27, 1991 to the present. First, plaintiffs contend, the fact that they receive any overtime pay at all for extra hours worked indicates that they are not paid on a salary basis. Employees paid on a salary basis, plaintiffs assert, receive the same compensation whether they work fewer or more hours than usual. As support, plaintiffs cite Abshire, in which the court stated that compensation for extra hours worked is not consistent with salaried status. Abshire, 908 F.2d at 486.

Under the Nevada Administrative Code ("NAC"), plaintiffs receive compensatory time or straight time cash for extra hours worked. NAC 284.238(1). Further, plaintiffs note, while they receive the same amount of pay each two weeks, that amount is calculated by multiplying the hours worked by the hourly rate. Thus, if the hours worked vary, the cash payment will vary. Plaintiffs add that while additional compensation generally might not be inconsistent with salaried status, if the compensation specifically is based on additional hours worked, as opposed to an additional project undertaken or an additional full day worked, for example, such is inconsistent with salaried status.

In opposition, defendants cite Firefighters, 720 F.Supp. 1230, and York v. City of Wichita Falls, 944 F.2d 236 (5th Cir.1991), for the proposition that additional compensation for overtime is not inconsistent with salaried status. We agree with plaintiffs for two reasons. First, as with the previous issue, the Abshire court, which binds this court, held that compensation for extra hours worked is not consistent with salaried status. Defendants cases are not binding on this court.

Second, Abshire is distinguishable from the cases cited by defendants. Defendants' cases address the situation where the extra work performed consists of full shifts or complete days. Abshire, however, addresses the situation where the extra work performed consists of extra hours. Employees paid on a salary basis probably would not receive additional compensation

for working an extra hour here or an extra few hours there. Such employees, however, might well receive additional compensation for taking on an additional project or working an extra entire shift or extra full day.

We conclude that plaintiffs' receipt of additional compensation, namely straight time pay or straight time compensatory time, for each hour worked, is indicative of plaintiffs not being paid on a salary basis. Thus, this factor indicates that from June 27, 1991 to the present, plaintiffs were not exempt from the 1.5 overtime requirement of the FLSA.

Second, plaintiffs assert that since they were subject from June 27, 1991 to the present to being suspended without pay for disciplinary reasons other than for violations of safety rules of major significance, they were not salaried employees. Under 29 C.F.R. § 541.118(a)(5), penalties imposed in good faith for infractions of safety rules of major significance do not affect salaried status. Plaintiffs argue that by implication, penalties imposed for infractions of other rules do affect salaried status. In fact, plaintiffs argue, United States District Judge McKibben of this district so found in a previous case. Plaintiffs note that they often incur penalties for infractions of rules that are not of major significance.

In response, defendants ask this court to read the word "including" into the regulation following the word "faith." With this addition, defendants argue, the infractions listed in the regulation would constitute only an example, rather than the defining infraction. Defendants also argue that at the earliest, we should apply plaintiffs' reading from February, 1992 forward because Judge McKibben's decision came down in February, 1992.

We do not find defendants' arguments persuasive. First, there is no authority for the Court to read language into the regulation. Importantly, the language defendants suggest would alter the meaning of the regulation. As to the fact that Judge McKibben's decision did not come down until February, 1992, we conclude that this decision did not establish the law. It only pointed out what the law always has been.

The two factors previously discussed, namely, docking plaintiffs' accrued leave and compensatory time to make up for absences of less than one day, and compensating plaintiffs for extra hours worked, indicate that plaintiffs were not compensated on a salary basis from June 27, 1991 to the present. We conclude that these factors alone are enough to entitle plaintiffs to summary judgment on that issue. As such, plaintiffs are not exempt from 1.5 overtime payment under the FLSA.

On the basis of this conclusion, the third factor does not matter. We note, however, that the reading defendants suggest ultimately must fail. Without accepting plaintiffs' argument of implication, we conclude that 29 C.F.R. § 541.118(a)(5) does not weaken the conclusion that plaintiffs were not paid on a salary basis from June 27, 1991 to the present. Consequently, plaintiffs are entitled to summary judgment that they were not exempt from the FLSA overtime requirements from June 27, 1991 to the present.

Plaintiffs seek summary judgment disallowing defendants from asserting the "window of corrections" defense. This portion of the motion will be granted. First, the *Abshire* court held that if deductions are policy and not inadvertent, the window of corrections defense does not apply. *Abshire*, 908 F.2d at 488.

Clearly, defendants' practice of docking plaintiffs' base pay for absences of less than one day before June 27, 1991, and docking plaintiffs' accrued leave and compensatory time for absences of less than one day after June 26, 1991, is a policy and not inadvertent. Second, defendants did not oppose this portion of the motion. Under the local rules, defendants consent to granting of this portion of the motion. Consequently, plaintiffs are entitled to summary judgment on this issue.

Plaintiffs next seek summary judgment holding that NRS 281.1275 does not supersede the FLSA. We will grant this portion of the motion. First, as a general proposition, federal law is supreme to contradicto-

ry state law. Second, NRS 281.1275 is consistent with the FLSA because the state law addresses the salary of employees not entitled to 1.5 overtime under state law. Thus, NRS 281.1275 would not apply to employees entitled to receive 1.5 overtime under federal law, namely, the FLSA. Finally, as with the previous issue, defendants did not oppose this portion of the motion. Consequently, plaintiffs are entitled to summary judgment on this issue.

Plaintiffs next seek summary judgment holding that the Department of Labor's ("DOL") interim final rule and proposed rule, if adopted, are invalid. Defendants argue that the rule is valid. We need not address the validity of the rule, and therefore will deny this portion of plaintiffs' motion for summary judgment. As plaintiffs argue, even if the rule is valid, the salary basis test is unaffected. Thus, plaintiffs still would not be exempt under the FLSA. Consequently, the validity of the rule is not material to the issues in this case. We refuse to address the validity of the rule and therefore, this portion of the summary judgment motion will be denied.

Plaintiffs argue next that as a matter of law, they are entitled to liquidated damages from defendants. 29 U.S.C. § 216(b) provides for liquidated damages. While the language is mandatory, plaintiffs concede that liquidated damages are not mandatory where the employer shows that the act or omission giving rise to the action was in good faith and the employer had reasonable grounds for believing that it was complying with the FLSA.

Plaintiffs contend that the violation by defendants was willful. Plaintiffs state that the mere existence of the violation is sufficient to infer willfulness. Plaintiffs offer no evidence of willfulness. Defendants, on the other hand, offer substantial evidence that they attempted to comply with the FLSA from the early 1970s to the present. Not only is state of mind normally a question for the finder of fact, but in this case, the only evidence of defendants' state of mind is evidence of good faith. Consequently, plaintiffs' motion for summary judgment will be denied on this issue.

The final issue common to all plaintiffs is plaintiffs' argument that since defendants' conduct as a matter of law was willful, plaintiffs are entitled to a three year statute of limitations. Normally, plaintiffs are entitled to a two year statute. If the conduct of defendants is willful, however, plaintiffs are entitled to a three year statute of limitations. 29 U.S.C. § 255(a).

In *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988), the Supreme Court held that for purposes of 29 U.S.C. § 255(a), the employer's conduct is willful if the "employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *Id.* Plaintiffs argue that the well settled nature of the law mandates a finding that defendants acted willfully. We disagree. For the reasons discussed above in relation to the liquidated damages issue, plaintiffs are not entitled to a finding as a matter of law that defendants acted willfully.

Consequently, we will not decide the statute of limitations issue now. The finder of fact will determine whether any violations were willful. After that determination, the Court then will determine the proper statute of limitations. Consequently, plaintiffs' motion will be denied on this issue.

At defendants' suggestion, the Court makes the following observation. Regardless of whether the applicable statute of limitations is two years or three years, each plaintiff is entitled to go back two or three years only from the time he or she joined Mr. Tarrantino's suit or Ms. McCoy's suit. Specifically, the plaintiffs comprising the original plaintiffs in Mr. Tarrantino's case begin counting backwards from February 11, 1991, the date the complaint was filed. The plaintiffs comprising the original plaintiffs in Ms. McCoy's case begin counting backwards from May 7, 1991, the date that complaint was filed. All other plaintiffs begin counting backwards from the date they joined whichever suit.

We turn now to the issues presented for summary judgment applicable only to the plaintiffs in Ms. McCoy's case ("The McCoy plaintiffs"). The McCoy plaintiffs assert

first that since they are members of the State of Nevada Employees Association ("SNEA"), and since SNEA is the authorized representative of plaintiffs, plaintiffs are entitled to cash payment for all overtime worked because no contract exists between defendants and SNEA for overtime payment by compensatory time. Plaintiffs cite *SNEA v. Bryan,* 916 F.2d 1384 (9th Cir.1990) as authority for their argument that SNEA is an authorized representative of plaintiffs.

Defendants concede that *Bryan* so holds, but argue that in another case, the Ninth Circuit has questioned whether SNEA is an authorized representative of plaintiffs. We find defendants' argument unpersuasive. *Bryan* is a final decision which holds that SNEA is an authorized representative of plaintiffs. Plaintiffs argue that in the other case, *Nevada Highway Patrol Ass'n v. State of Nevada,* 899 F.2d 1549 (9th Cir. 1990), the only possible action yet undecided is whether the NHPA also is an authorized representative of plaintiffs.

Without evaluating plaintiffs' argument, we conclude that the McCoy plaintiffs are entitled to summary judgment on this issue. Defendants' counsel states that he is "advised and believes that the 'representative' issue is still under consideration by the Ninth Circuit Court of Appeals in the *Highway Patrol Ass'n* case" (document # 37, page 5, lines 22–24). According to this statement, it is not clear that the Circuit is even considering the issue. Even if it is, however, the current state of the law, through *Bryan,* indicates that SNEA is an authorized representative of plaintiffs. Therefore, the McCoy plaintiffs are entitled to summary judgment on this issue.

Finally, the McCoy plaintiffs appear to assert that they are entitled to summary judgment holding that to the extent they are professional teaching parents, they are entitled to cash overtime payments and sleep time. The McCoy plaintiffs characterize their argument as follows. "Plaintiffs classified as professional teaching parents *may be entitled* to back overtime compensation depending upon the findings of the U.S. Department of Labor (emphasis added)" (document # 35, page 5, line 24—page 6, line 2). The McCoy plaintiffs apparently at this time do not know whether they are entitled to this relief for teaching parents. They state that whether they are entitled to such compensation depends upon the findings of the DOL. Consequently, this portion of the McCoy plaintiffs' motion for summary judgment will be denied.

IT IS, THEREFORE, HEREBY ORDERED that all plaintiffs' motion for summary judgment (document # 32), is GRANTED in part and DENIED in part. The motion is GRANTED as to the following claims: 1) Plaintiffs were not statutorily exempt from the FLSA during the period beginning at a time presently unknown, and different for each plaintiff, and ending on June 26, 1991; 2) Plaintiffs were not statutorily exempt from the FLSA during the period from June 27, 1991 to the present; 3) Defendants are not entitled to the "window of corrections" defense; 4) The amendments to NRS 281.1275 do not supersede federal remedies under the FLSA. The motion is DENIED as to the following claims: 1) The DOL's interim final rule and proposed rule, if adopted, are invalid; 2) Defendants' conduct was willful and plaintiffs are entitled to a three year statute of limitations; 3) Plaintiffs are entitled to liquidated damages.

IT IS FURTHER ORDERED that regardless of whether a two year statute of limitations or a three year statute of limitations applies, each plaintiff's time period will begin at a different time, as outlined above in this order.

IT IS FURTHER ORDERED that the McCoy plaintiffs' motion for summary judgment (document # 35) is GRANTED in part and DENIED in part. The motion is GRANTED as to the following claim: 1) Since plaintiffs are members of SNEA, and since SNEA is the authorized representative of plaintiffs, plaintiffs are entitled to cash payment for all overtime worked because no contract exists between defendants and SNEA for overtime payment by compensatory time. The motion is DENIED as to the following claim: 1) To the

extent the McCoy plaintiffs are professional teaching parents, they are entitled to cash overtime payments and sleep time.