17 F.3d 1256
 62 USLW 2623, 127 Lab.Cas. P 33,069,
1 Wage & Hour Cas. 2d (BNA) 1505
 Gary BARNER; Jerry Bennett; Brian Brady; Richard Rudy,
Plaintiffs-Appellees,
v.
CITY OF NOVATO, Defendant-Appellant.
Gary BARNER; Jerry Bennett; Brian Brady; Richard Rudy,
Plaintiffs-Appellants,
v.
CITY OF NOVATO, Defendant-Appellee.
Gary BARNER; Jerry Bennett; Brian Brady; Richard Rudy,
Plaintiffs-Appellants,
v.
CITY OF NOVATO, Defendant-Appellee.
 Nos. 92-16100, 92-16129, 93-15176.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 4, 1993.
Decided March 8, 1994.
 
 Richard C. Bolanos, Kathryn J. Burke and Cynthia J. O'Neill, Whitmore, Johnson & Bolanos, Mountain View, California, for the defendant-appellant-appellee.
 Christopher D. Burdick and Alison Berry-Wilkinson, Carroll, Burdick & McDonough, San Francisco, California, for the plaintiffs-appellees-appellants.
 Duane W. Reno, Davis, Reno & Courtney, San Francisco, California, for the amicus International Union of Police Associations, et al.
 Arthur A. Hartinger, Deputy City Attorney, San Francisco, California, for the amicus League of California Cities, et al.
 Appeals from the United States District Court for the Northern District of California.
 Before: ALARCON, LEAVY, and KLEINFELD, Circuit Judges.
 LEAVY, Circuit Judge:
 
 
 1
 This case involves a dispute between a municipality and some of its employees concerning the treatment of employee absences for payroll purposes. The district court held that the municipality's policy of reducing certain employees' accumulated but unused paid leave for absences of less than a day did not violate federal labor law, but that the possible reduction of those employees' salaries for the same conduct did violate federal labor law. We affirm in part and reverse in part.FACTS AND PRIOR PROCEEDINGS
 
 
 2
 The city of Novato, California ("City"), provides its employees with sick leave, vacation time, and other forms of compensated leave. During the time in question, informal City policy relating to employee absences of less than a full day had been either to deduct such absences from the employee's unused leave time or, if the employee had exhausted his or her available leave time, to leave to the discretion of the City Manager what to do.
 
 
 3
 Gary Barner, Jerry Bennett, Brian Brady, and Richard Rudy ("Plaintiffs") are permanent employees and members of the City's police department management team. Brady and Bennett hold the rank of captain, while Barner and Rudy are lieutenants. Under the terms of a series of collective bargaining agreements negotiated between the City and the Novato Police Managers' Association (the exclusive bargaining representative for City police captains and lieutenants), the Plaintiffs were deemed ineligible for contract overtime compensation because of their rank.
 
 
 4
 The Plaintiffs filed the instant action in federal district court, claiming that they were wage employees entitled to overtime compensation under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Secs. 201-219. The City argued that the Plaintiffs were not entitled to any such compensation because they were salaried workers who fell under the FLSA's overtime exemption for employees in executive or administrative positions. See 29 U.S.C. Sec. 213(a)(1).[1]
 
 
 5
 Following a trial on the merits, the district court held that absences of less than one day could properly be charged to the Plaintiffs' accumulated leave time without running afoul of the FLSA, but, because the Plaintiffs' pay was also subject to possible reduction for such absences (i.e., in the event their leave had been exhausted), they were not salaried employees subject to exemption. We find the second conclusion erroneous and hold that, in the absence of an express policy subjecting an executive or administrative employee's pay to reduction for absences of less than one day, deducting accrued leave time is not conduct which puts the employee outside the applicable exemption.
 
 ANALYSIS
 Standard of Review
 
 6
 The City cites Abshire v. County of Kern, 908 F.2d 483 (9th Cir.1990), cert. denied, 498 U.S. 1068, 111 S.Ct. 785, 112 L.Ed.2d 848 (1991), as support for the proposition that our standard of review is de novo. See Abshire, 908 F.2d at 486 (citing Icicle Seafoods Inc. v. Worthington, 475 U.S. 709, 714, 106 S.Ct. 1527, 1530, 89 L.Ed.2d 739 (1986)). However, in Icicle Seafoods, the Supreme Court held that "the facts necessary to a proper determination of the legal question whether an exemption to the FLSA applies in a particular case should be reviewed by the courts of appeals pursuant to [Federal] Rule [of Civil Procedure] 52(a) [the clearly erroneous standard]...." Icicle Seafoods, Inc. v. Worthington, 475 U.S. 709, 713, 106 S.Ct. 1527, 1529, 89 L.Ed.2d 739 (1986). We review the district court's findings of fact for clear error. Fed.R.Civ.P. 52(a). Its application of law to the facts is reviewed de novo. Boone v. United States, 944 F.2d 1489, 1492 (9th Cir.1991).
 
 Discussion
 
 7
 The Plaintiffs filed this action shortly after we decided Abshire, in which we held that the FLSA's exemption from overtime pay for administrative or executive employees was inapplicable to a situation in which a local government had an express policy of deducting from its employees' pay for absences of less than one day.[2] Abshire, 908 F.2d at 487. We also hinted in Abshire that an express policy of deducting from employees' accrued paid leave for absences of less than one day could violate the exemption. Id. at 487 n. 3.
 
 
 8
 The City has no express policy for reducing pay for absences of less than one day. It did, however, reduce accrued paid leave for absences of less than one day. (The question of whether actually to deduct from the Plaintiffs' pay never came up because the Plaintiffs never exhausted their accrued paid leave.) Here, the district court found that reducing accrued paid leave for these absences did not make Plaintiffs hourly employees. For the reasons which follow, we hold that that portion of the decision is correct.
 
 
 9
 * Under the FLSA, all employees must ordinarily be paid one and one-half times their normal hourly wage for all hours exceeding forty hours worked in one week. 29 U.S.C. Sec. 207(a)(1).[3] The FLSA provides limited exemptions from its overtime rule, however. The parties agree that the exemption at issue here is that for any worker "employed in a bona fide executive, administrative or professional capacity." 29 U.S.C. Sec. 213(a)(1). The gist of this appeal, therefore, turns on the correct definition of "executive" or "administrative." For the answer to that we must look to the applicable Department of Labor ("DOL") regulations. See, 29 C.F.R. Secs. 541.1, 541.2.[4]
 
 
 10
 To fit within the overtime-exempt category for administrative or executive employees, an employee must meet both parts of a two-part test. 29 C.F.R. Secs. 541.1, 541.2. The first part is a "duties test." 29 C.F.R. Secs. 541.1(a)-(e) or 541.2(a)-(d). The second part is a "salary test." 29 C.F.R. Secs. 541.1(f) or 541.2(e); see 29 C.F.R. Sec. 541.118 (defining "salary basis").
 
 A. The Duties Test
 
 11
 The duties test requires that the Plaintiffs meet either of two standards as set out under 29 C.F.R. Secs. 541.119(a) or 541.214(a).[5] Specifically, and for our purposes, the Plaintiffs must (1) be paid on a salary basis (2) of not less than $250 per week (3) for the primary duty of managing a recognized department or subdivision and (4) regularly direct two or more employees.
 
 
 12
 The Plaintiffs do not dispute the district court's finding that they meet the second and forth portions of this test. The Plaintiffs contend, however, that they do not meet the third ("managing a subdivision") portion of this test because they perform many of the same tasks as their subordinates.
 
 
 13
 The district court found that Captain Bennett's primary duty was to manage and operate the Police Department Operations Division; Captain Brady's primary duty was to manage and operate the Police Department Services Division; Lieutenant Rudy's primary duty was to manage and operate the Police Department's Patrol Bureau; and Lieutenant Barner's primary duty was to manage and operate the Police Department's Investigations and Youth Services Bureaus, and the Drug Abuse Resistance Education Program.
 
 
 14
 Contrary to the Plaintiffs' vigorous assertions, the record supports the district court's findings; indeed, even the Plaintiffs' testimony supports these findings. Plaintiff Lt. Barner testified: "[A]s leads come in, as we have a briefing on the case, I actually list out on a board under the title of 'to do' everything that has to be done.... I prioritize these [leads] and I assign these out to investigators." Plaintiff Lt. Ruby also testified (in answer to the question: "[W]hat kind of work would you do when you are called into the street as an acting sergeant?"): "I would be the supervisor in charge of whatever detail that I was sent to."
 
 
 15
 Lt. Barner then testified that he performs some of the same tasks as his subordinates. Lt. Ruby also testified that he, too, must perform the same duties as his subordinates, including occasionally those of crossing guard. However, we have held that "[T]he plaintiff should be classified as an executive although he engaged, to some extent, in ordinary work performed by employees subordinate to him, which work was a part of his supervisory duties." Wainscoat v. Reynolds Electrical & Engineering Co., Inc., 471 F.2d 1157, 1161 (9th Cir.1973). Accordingly, the third element of the short duties test is met. We now turn our attention to the salary test.[6]
 
 B. The Salary Test
 
 16
 To fit within the overtime exemption, the City must also show that the Plaintiffs are paid on a salary basis.
 
 
 17
 An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.
 
 
 18
 29 C.F.R. Sec. 541.118(a). At issue is whether the Plaintiffs' "compensation" was "subject to reduction because of variations in the ... quantity of the work performed." Other regulations authorize deductions from salary for absences of a day or more. See 29 C.F.R. Sec. 541.118(a)(2), (3). We evaluate possible reductions in pay for absences of less than one day. Because this is an issue of regulatory construction, we review the district court's conclusion de novo. See United States v. Martinez, 7 F.3d 146, 147 (9th Cir.1993).
 
 
 19
 In Abshire, we found that a public employer's express policy of deducting from its employees' pay for absences of less than one day violated the salary branch of the FLSA's overtime exemption for administrative or executive employees. Abshire, 908 F.2d 483. In response to Abshire, the City of Novato issued a memorandum declaring that it would not subject overtime-exempt employees' salaries to deduction for absences of less than one day. Prior to that memorandum, the district court found "the City policy relating to absences of less than a day was (1) to charge such absences against unused leave time, or (2) if leave time were exhausted, to leave to the discretion of the City Manager whether or not to reduce pay or take some other action." To find a violation of the salary test due to either of these policies, we would have to extend Abshire.
 
 
 20
 1. Deducting Paid Leave for Absences of Less Than a Day
 
 
 21
 In Abshire, we mentioned that "a strong argument can be made that even if deductions were required only from fringe benefits such as leave time, and not from base pay, the affected employees would still not qualify as 'salaried.' However, we need not decide that question here." Abshire, 908 F.2d at 487 n. 3. We now decide that issue.
 
 
 22
 The district court concluded that "[d]eductions from the paid leave banks of the Plaintiffs for absences of less than one day did not constitute impermissible deductions from 'salary' as defined in 29 CFR 541.118." In so holding, the district court declined to follow the dicta in Abshire. We agree with that conclusion.[7]
 
 
 23
 At issue is whether the words "amount" and "compensation" in the regulation refer to cash or to all forms of compensation. See 29 C.F.R. Sec. 541.118(a). We conclude that "amount" refers to "cash" or "salary." Thus, a reduction in the paid leave time does not affect the Plaintiffs' status as salaried employees.[8]
 
 
 24
 2. Possible Deductions from the Plaintiffs' Paychecks Had
 
 
 25
 the Situation Ever Arisen
 
 
 26
 The district court concluded, based solely on the City's non-express policy of possibly reducing pay for absences of less than a day, that "[T]he compensation of Plaintiffs was subject to reduction by reason of absences of less than one day, and thus they were not paid on a 'salary basis' as defined in 29 CFR 541.118." The City argues that the district court erred in finding that the possibility of reducing the Plaintiffs' salaries made the Plaintiffs hourly employees entitled to overtime. We agree.
 
 
 27
 As noted above, no money was ever deducted from any of the Plaintiffs' paychecks due to a failure to account for at least 80 hours of work in any two-week pay period because none of the Plaintiffs ever exhausted his paid leave. Thus, the City Manager never had occasion to decide whether or not to deduct from the Plaintiffs' pay for such unaccounted time. However, the City Manager testified that it was possible that he would have decided to deduct some amount from a Plaintiff's paycheck, had the situation arisen.
 
 
 28
 In Abshire, we held that it is not necessary that the Plaintiffs' compensation actually have been reduced, so long as the public employer had "an express policy of deducting for part-day absences when an employee has no accrued leave." Abshire, 908 F.2d at 489.[9] "The dispositive factor is that under the [employer's] policy, the employee's pay is at all times 'subject to ' deductions for tardiness or other occurrences. Either pay is fixed and immutable, and not subject to such deductions, or it is contingent." Id. at 487.
 
 
 29
 In Abshire we faced a public employer with an express policy of deducting from its overtime-exempt employees' pay for absences of less than a day. Here, there was no such policy.[10]
 
 
 30
 Moreover, since our decision in Abshire, DOL has issued new Interpretive Regulations disapproving of that decision as applied to public employers. New proposed regulation 29 C.F.R. Sec. 541.5d states:
 
 
 31
 (a) An employee of a public agency who otherwise meets the requirements of Sec. 541.118 shall not be disqualified from exemption under Secs. 541.1, 541.2, or 541.3 on the basis that such employee is paid according to a pay system established by statute, ordinance, or regulation, or by a policy or practice established pursuant to principles of public accountability, under which the employee accrues personal leave and sick leave and which requires the public agency employee's pay to be reduced or such employee to be placed on leave without pay for absences, for personal reasons or because of illness or injury of less than one work-day when accrued leave is not used by an employee because--
 
 
 32
 (1) permission for its use has not been sought or has been sought and denied; or
 
 
 33
 (2) the employee chooses to use leave without pay.
 
 
 34
 57 Fed.Reg. 37,677 (August 19, 1992). This regulation is not retroactive. McDonnell v. City of Omaha, 999 F.2d 293, 295 (8th Cir.1993). Nevertheless, because the facts of the instant appeal are distinguishable from those of Abshire, and also because of the DOL's new regulation on point, we find no justification in extending our ruling in that case.
 
 CONCLUSION
 
 35
 We agree with the district court's conclusion that the City's policy of reducing paid leave does not violate the administrative or executive employee exemption to the FLSA. We reverse the district court's holding that a non-express policy of possibly reducing employees' salaries due to absences of less than a day violates this exemption.[11]
 
 
 36
 Accordingly, the decision appealed from is AFFIRMED in part and REVERSED in part. The district court's award of attorneys' fees is also REVERSED. The parties will bear their own costs on appeal.
 
 
 
 [1]
 "The provisions of section ... 207 of this title [governing overtime compensation] shall not apply with respect to--(1) any employee employed in a bona fide executive, administrative, or professional capacity[.]" 29 U.S.C. Sec. 213(a)(1) (in relevant part)
 
 
 [2]
 Since April 15, 1986, the FLSA has applied to public employers. See e.g. Garcia v. San Antonio Metro. Transit Auth., 469 U.S. 528, 554-56, 105 S.Ct. 1005, 1019-20, 83 L.Ed.2d 1016 (1985); Hale v. Arizona, 993 F.2d 1387, 1391 (9th Cir.1993)
 
 
 [3]
 "Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. Sec. 207(a)(1) (in relevant part)
 
 
 [4]
 29 C.F.R. Sec. 541.1 provides in relevant part:
 The term ["]employee employed in a bona fide executive * * * capacity["] in section 13(a)(1) of the Act shall mean any employee:
 (a) Whose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized department of [sic] subdivision thereof; and
 (b) Who customarily and regularly directs the work of two or more other employees therein; and
 (c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and
 (d) Who customarily and regularly exercises discretionary powers; and
 (e) Who does not devote more than 20 percent ... of his hours of work in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (d) of this section ...; and
 (f) Who is compensated for his services on a salary basis at a rate of not less than $155 per week, ... exclusive of board, lodging, or other facilities: Provided, That an employee who is compensated on a salary basis at a rate of not less than $250 per week ... exclusive of board, lodging, or other facilities, and whose primary duty consists of the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein, shall be deemed to meet all the requirements of this section.
 
 
 [29]
 C.F.R. Sec. 541.2 provides in relevant part:
 The term ["]employee employed in a bona fide * * * administrative * * * capacity["] in section 13(a)(1) of the Act shall mean any employee:
 (a) Whose primary duty consists of either:
 (1) The performance of office or nonmanual work directly related to management policies or general business operations of his employer or his employer's customers, or
 (2) The performance of functions in the administration of a school system, or educational establishment or institution, or of a department or subdivision thereof, in work directly related to the academic instruction or training carried on therein; and
 (b) Who customarily and regularly exercises discretion and independent judgment; and
 (c)(1) Who regularly and directly assists a proprietor, or an employee employed in a bona fide executive or administrative capacity ... or
 (2) Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge, or
 (3) Who executes under only general supervision special assignments and tasks; and
 (d) Who does not devote more than 20 percent ... of his hours worked in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (c) of this section; and
 (e)(1) Who is compensated for his services on a salary or fee basis at a rate of not less than $155 per week ... exclusive of board, lodging, or other facilities, or
 (2) Who, in the case of academic personnel, is compensated for services as required by paragraph (e)(1) of this section, or on a salary basis which is at least equal to the entrance salary for teachers in the school system, educational establishment, or institution by which employed: Provided, That an employee who is compensated on a salary basis at a rate of not less than $250 per week ... exclusive of board, lodging, or other facilities, and whose primary duty consists of the performance of work described in paragraph (a) of this section, which includes work requiring the exercise of discretion and independent judgment, shall be deemed to meet all the requirements of this section.
 
 
 [5]
 29 C.F.R. Sec. 541.119(a) provides in relevant part:
 [Section] 541.1 contains an upset or high salary proviso for managerial employees who are compensated on a salary basis at a rate of not less than $250 per week exclusive of board, lodging, or other facilities. Such a highly paid employee is deemed to meet all the requirements in paragraphs (a) through (f) of Sec. 541.1 if the employee's primary duty consists of the management of the enterprise in which employed or of a customarily recognized department or subdivision thereof and includes the customary and regular direction of the work of two or more other employees therein. If an employee qualifies for exemption under this proviso, it is not necessary to test that employee's qualifications in detail under paragraphs (a) through (f) of Sec. 541.1 of this part.
 
 
 [29]
 C.F.R. Sec. 541.214(a) provides in relevant part:
 [Section] 541.2 contains a special proviso including within the definition of "administrative" an employee who is compensated on a salary or fee basis at a rate of not less than $250 per week exclusive of board, lodging, or other facilities, and whose primary duty consists of either the performance of office or non-manual work directly related to management policies or general business operations of the employer or the employer's customers, or the performance of functions in the administration of a school system, or educational establishment or institution, or of a department or subdivision thereof, in work directly related to the academic instruction or training carried on therein, where the performance of such primary duty includes work requiring the exercise of discretion and judgment. Such a highly paid employee having such work as his or her primary duty is deemed to meet all of the requirements in Sec. 541.2(a) through (e). If an employee qualifies for exemption under this provisio [sic], it is not necessary to test the employee's qualifications in detail under Sec. 541.2(a) through (e).
 
 
 [6]
 The Plaintiffs also argue that they fail the duties test because the district court erred by finding that they spent no more than 20% of their working time on administrative work. The 20% threshold is an element of the other alternative duties test (the long test). See 29 C.F.R. Secs. 541.1(e), 541.2(d). Because we find that the Plaintiffs fit within the short duties test, we need not and do not reach this issue
 
 
 [7]
 In reaching this conclusion we necessarily reject the holdings of Service Employees Int'l Union, Local 102 v. County of San Diego, 784 F.Supp. 1503 (S.D.Cal.1992), Benzler v. Nevada, 804 F.Supp. 1303 (D.Nev.1992), and Fleming v. Carpenters/Contractors Cooperation Comm., 834 F.Supp. 323 (S.D.Cal.1993)
 
 
 [8]
 See International Ass'n of Fire Fighters, Alexandria Local 2141 v. City of Alexandria, Va., 720 F.Supp. 1230, 1232 (E.D.Va.1989) ("the docking of leave or accrued compensatory time for absences of less than an entire day [does not] defeat salaried status"), aff'd without opinion, 912 F.2d 463 (4th Cir.1990). But see, Thomas v. County of Fairfax, Va., 758 F.Supp. 353, 366 (E.D.Va.1991) ("Put simply, while the concept of 'salary', strictly construed, may not include leave, the docking of one hour's leave for some lieutenants for daylight savings time affronts the concept of a salaried executive")
 
 
 [9]
 See also, Kinney v. District of Columbia, 994 F.2d 6, 11 (D.C.Cir.1993); Martin v. Malcolm Pirnie, Inc., 949 F.2d 611, 615 (2nd Cir.1991), cert. denied, --- U.S. ----, 113 S.Ct. 298, 121 L.Ed.2d 222 (1992); and Michigan Ass'n of Governmental Employees v. Michigan Dep't of Corrections, 992 F.2d 82, 86 (6th Cir.1993). But see, Atlanta Professional Firefighters Union, Local 134 v. City of Atlanta, 920 F.2d 800 (11th Cir.1991)
 
 
 [10]
 The City Manager testified:
 The Court: It would not automatically have happened that the pay was deducted, would it?
 The Witness: No, absolutely not.
 The Court: That could not happen because it had to be referred either to you or to the Assistant City Manager?
 The Witness: That's right. That's why I have trouble with that.
 The Court: It would be an ad hoc decision if and when that came up?
 The Witness: That's correct.
 The Court: And you can't say at this point, or can you, how that would have been resolved?
 The Witness: I believe--I--I--I have no reason to think that the salary of an employee would not have gotten his full--person's full salary. I have absolutely no reason to think that that would have been different.
 The Court: Do you have any reason to think the contrary?
 The Witness: We had no--well, we have attempted--I have always attempted to be fair to the employees. And where we have had--where there have been issues that have involved, you know, rank and file employees, we have allowed employees to take vacation when they haven't earned it and take benefits that were on the come, if you will. Allowed some flexibility for employees to accumulate a benefit that they are not--where they are supposed to terminate, as an example, because they are planning a trip, need more time off. So we tried to be very flexible with employees.
 The Court: You are not supposed to be giving away City money either.
 The Witness: No. You try to be fair and try to be honest with the employees, and that's what we try to do and that's what I try to do.
 I can't categorically say that a salaried employee, you know, in those days that didn't have leave balances on the books might have--might not under some circumstance have deducted, but I can't--I really can't think of a circumstance.
 ....
 The Court: At best, it would have been discretionary with the City Manager--
 The Witness: Absolutely, yes.
 The Court:--to deduct the pay or not?
 RT 3, at 487-88.
 
 
 [11]
 Thus, we need not and do not reach the remaining issues of whether the window of correction provided for in the DOL's regulations applies here to insulate the city from liability, or whether the district court erred in measuring the damages award, or whether the district court erred in not imposing liquidated damages on the City, or whether the statute of limitations should have been extended, or whether the district court erred in calculating the attorneys' fees award