61 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Laurel ADAM; Edna Smiley; Joan Valdes, et al., on Behalf
of Themselves and Other Similarly Situated,
Plaintiffs-Appellees,
v.
COUNTY OF SAN DIEGO, Defendant-Appellant.
 No. 92-55927.
 United States Court of Appeals, Ninth Circuit.
 Argued Nov. 5, 1993.
Submission Deferred Nov. 5, 1993.
Submitted July 24, 1995.
Decided July 26, 1995.
 
 Appeal from the United States District Court, for the Southern District of California, D.C. No. CV-91-1081-GT; Gordon Thompson, Jr., District Judge, Presiding.
 S.D.Cal.
 REVERSED.
 Before: BROWNING, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 137 employees of the County of San Diego filed this suit against the County of San Diego ("the County"). The employees claim the County failed to pay them proper overtime compensation pursuant to Sec. 8(a) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sec. 207(a). The County argued plaintiffs were exempt from FLSA coverage because they are employed in a "bona fide executive, administrative, or professional capacity." 29 U.S.C. Sec. 213(a)(1). The district court granted plaintiffs' motion for partial summary judgment, relying heavily on its conclusions in Service Employees Int'l Union v. County of San v. County of San Diego, 784 F.Supp. 1503 (S.D.Cal.1992), and the this Circuit's holding in Abshire v. County of Kern, 908 F.2d 483 (9th Cir.1990), cert. denied, 498 U.S. 1068 (1991). The district court held that the employees were not exempt from FLSA coverage. The County appeals, and we reverse and remand.
 
 
 3
 * This appeal raises two jurisdictional issues. First, this is an appeal from a partial summary judgment order, which is not an inherently final order. Dannenberg v. Software Toolworks Inc., 16 F.3d 1073, 1074 (9th Cir.1994); Cheng v. Commissioner, 878 F.2d 306, 309 (9th Cir.1989). The order in the instant case is not final because the district court has not yet calculated damages. However, the order is "marginally final" under Wabol v. Villacrusis, 958 F.2d 1450, 1454 (9th Cir.1990), cert. denied, 113 S.Ct. 675 (1992), so we have appellate jurisdiction.
 
 
 4
 Second, the district court did not enter a final judgment on its Order Granting Plaintiffs Motion for Partial Summary Judgment. It is therefore not appealable under 28 U.S.C. Sec. 1291(a)(1). See Frank Briscoe Co. v. Morrison Knudsen Co., 776 F.2d 1414, 1416 (9th Cir.1985). However, a district court's failure to file a separate judgment should not prevent appeal if the district court evidenced its intent that the order represents its final decision and it would be pointless to dismiss the appeal and wait for the district court clerk to enter a separate judgment. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 385-88 (1978); McCalden v. California Library Ass'n, 955 F.2d 1214, 1218 n. 2 (9th Cir.1990), cert. denied, 112 S.Ct. 2306 (1992). We, therefore have jurisdiction to consider this appeal.
 
 II
 
 5
 A grant of summary judgment is reviewed de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). The County argues for the first time on appeal that the salary test, 29 C.F.R. Sec. 541.118(a), should not apply to public employees. We generally will not consider an argument for the first time on appeal, except if "the issue on appeal is purely one of law that is both central to the case and important to the public." Yuckert v. Heckler, 774 F.2d 1365, 1367 (9th Cir.1985), reversed on other grounds, 482 U.S. 137 (1987). But because our "consideration of the issue will not require the parties to develop new facts" and the regulation's validity "presents a significant question of general impact," we will consider the argument as we did in Service Employees Int'l Union v. County of San Diego, 35 F.3d 483 (9th Cir.1994) (as amended and supplemented on July 19, 1995) ("SEIU"). See id.
 
 
 6
 As we held in SEIU, the salary test, as it existed before the Department of Labor suspended its application to public employers on September 6, 1991, was invalid as applied to the public sector. Thus, through September 6, 1991, for public sector employees to qualify for the executive and administrative exemption to the FLSA, they need only have satisfied the duties test, see Barner v. City of Novato, 17 F.3d 1256, 1259-60 (9th Cir.1994) (applying duties test). We remand to the district court to determine whether plaintiffs were exempt from the FLSA under the duties test.
 
 
 7
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3