**Dell HACKETT, and other similarly situated employees; Eric R. Langford, Plaintiffs–Appellants,**

v.

**LANE COUNTY, Defendant–Appellee.**

No. 95–35283.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 1996.

Decided Aug. 2, 1996.

Megan E. Glor, Swanson, Thomas & Coon, Portland, Oregon, for plaintiffs-appellants.

David B. Williams, Assistant County Counsel, Lane County Office of Legal Counsel, Eugene, Oregon, for defendant-appellee.

Before: GOODWIN, SKOPIL, and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge:

This is an action for overtime compensation under the Fair Labor Standards Act. 29 U.S.C. §§ 201–219. Plaintiffs are supervisory officers in the Lane County Sheriff's Office. The FLSA contains an exemption from its overtime pay requirements for "bona fide executive, administrative, or professional" personnel. 29 U.S.C. § 213(a)(1). The applicability of that exemption to public employees has been the subject of much litigation in this circuit in recent years. *See, e.g., Barner v. City of Novato,* 17 F.3d 1256 (9th Cir. 1994); *McGuire v. City of Portland, Oregon,* 91 F.3d 1293 (9th Cir.1996) (filed this day). In order for Lane County to claim this exemption, the employees must meet both a so-called "duties" test and a "salary" test. *See generally,* 29 C.F.R. § 541; *Barner,* 17 F.3d at 1259–1260. That the plaintiffs meet the duties test because they are either administrative or executive employees is undisputed. At issue here, as in other recent cases, is whether plaintiffs meet the requirements of the salary test.[1]

The salary test generally requires that an employee receive a predetermined amount

---

1. § 541.118 Salary basis.

   (a) An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any work-week in which he performs no work.

each pay check, and that the amount is not subject to reduction due to variations in the quality or quantity of work performed. 29 C.F.R. § 541.118(a). The salary test also requires that the employee be paid a full week's salary for any week in which he or she does any work. *Id.* Because of this regulatory framework, reductions in pay for increments of an entire week do not affect an employee's salary status, provided no work is done that week. Additionally, the regulations contain exceptions that allow deductions from the weekly salary under certain limited circumstances. For example, employees can be docked pay for major safety violations without losing their exempt status, even if the result is a partial pay week.[2]

■ In this case, plaintiffs argue that they do not satisfy the salary test because their pay is subject to wage deductions pursuant to disciplinary suspensions unrelated to safety violations, and lasting for periods of less than a week. The district court held that plaintiffs were not subject to such suspensions, relying on (1) the provisions of Lane County's personnel policies, which appear to prohibit any suspension that would jeopardize the exempt status of an employee otherwise meeting the FLSA administrative and executive exemption requirements; and (2) the evidence of actual practice and interpretation of those provisions by Lane County officials. We affirm because we agree with the district court that Lane County's policies do not subject the plaintiffs to disciplinary suspensions for increments of less than a week.

The specific issues in this case can best be understood against the background of recent litigation, for Lane County acknowledges that its policies have been formulated in major part in response to decisions of this court, in order to maintain Lane County's administrative and executive employees' exempt status.

The first relevant decision is *Abshire v. County of Kern,* 908 F.2d 483 (9th Cir.1990),

*cert. denied,* 498 U.S. 1068, 111 S.Ct. 785, 112 L.Ed.2d 848 (1991). In *Abshire,* we considered a county's policy of deducting from wages for absences of less than a day. We held that such a policy made the exemption inapplicable because the employees' pay was subject to deductions for variation in the quantity of hours worked. In *Barner v. City of Novato,* 17 F.3d 1256, we held that the exemption was not lost if deductions were taken from accrued leave rather than from actual salary. There, no express policy authorized a deduction from actual pay. Rather, policy makers had delegated to the city manager the discretion to decide whether a deduction might be taken from actual pay, if there were no accrued leave from which a deduction could be taken. We held that the possibility of a deduction, absent an express policy, did not "subject" the employees to such a deduction, and therefore did not remove employees from the exemption. In *Hurley v. State of Oregon,* 27 F.3d 392 (9th Cir.1994), we held that where there was an express policy of economic sanctions promulgated and used, the employees were not eligible for the exemption and could claim overtime pay.

In our newest and companion decision, *McGuire v. City of Portland, Oregon,* 91 F.3d 1293 (filed this day), we have held that fire battalion chiefs in the Portland Fire Bureau did not satisfy the salary test because under Portland's published disciplinary policy, the chiefs were subject to disciplinary suspensions without pay for periods lasting less than a week. In so holding, we noted that although no battalion chief had ever been subject to such a suspension, other similarly situated employees had been.

■ Against this background, we now turn to Lane County's disciplinary policy as it relates to these plaintiffs. We must decide whether plaintiffs are subject to disciplinary suspensions for increments of less than a week. The parties agree that no public safety employee in Lane County has ever received such a suspension. This fact alone is not dispositive. As we explained in *Abshire,*

---

**2.** § 541.118(a)(5).

Penalties imposed in good faith for infractions of safety rules of major significance will not affect the employee's salaried status. Safety rules of major significance include only those relating to the prevention of serious danger to the plant, or other employees, such as rules prohibiting smoking in explosive plants, oil refineries, and coal mines.

the critical question is whether the parties are subject to a disciplinary suspension that would be incompatible with the salary test. Where no employee has ever experienced such a suspension, then, pursuant to *Barner*, there must be an express policy that would allow such a suspension in order for the exemption to fail.

Two Lane County documents are relevant to determine whether such an express policy exists. The first document is the Department of Public Safety Manual, known as simply the "Manual." The Manual provides the only mechanism for disciplining Lane County public safety officers, including the plaintiffs in this case. It provides for disciplinary suspension without pay for a multitude of infractions. The Manual does not, however, specify the length for which such disciplinary suspensions should occur.

The second relevant document is the Administrative Procedures Manual ("APM"). The APM governs all Lane County employees, including public safety officers. Chapter 3, § 34 of the APM addresses the salaries of those Lane County administrators and executives who are exempt from FLSA overtime pay requirements. The record indicates that this section was, in fact, adopted in the wake of *Abshire* to allow Lane County to preserve the exempt status of its bona fide administrative, executive, and professional employees. Therefore, the section tracks the salary test so that exempt employees will not have their pay docked or reduced in any manner that would be inconsistent with the salary test.[3] Significantly, the section contemplates disciplinary suspensions. Pursuant to the APM, employees may be suspended for periods of less than a week for major safety violations, but not for any other reasons. Thus, the only type of disciplinary suspension listed as permissible under the APM is compatible with the salary test. *See* § 541.118(a)(5).

Because the APM by its terms applies to all Lane County employees, it must be applied to plaintiffs in this case. Thus, the APM must be read in conjunction with the Manual's disciplinary rules. Since the Manual does not specify the length of time a disciplinary suspension should last, we turn to the APM to fill in this gap. The APM, in turn, will not allow a suspension that would be incompatible with maintaining plaintiffs' administrative or executive exemption. Therefore, we conclude that the Manual and the APM, read together, create an express policy against disciplinary suspensions for increments of less than a week, with major safety violations being the only exception. Our result in this case therefore differs from the companion case, *McGuire v. City of Portland*, 91 F.3d at 1293.

██ Plaintiffs' arguments that Lane County could, hypothetically, (1) decide not to read the APM in conjunction with the manual, and therefore (2) subject plaintiffs to a disciplinary suspension for a period under a week without pay are exactly the type of remote possibilities that we dismissed as insignificant in *Barner*. Absent an express policy, plaintiffs may not be considered "subject" to a disciplinary suspension that neither plaintiffs nor any similarly situated employee has ever encountered. *See Abshire*, 908 F.2d at 489. Under this Circuit's precedent, plaintiffs are properly considered salaried employees and need not be paid overtime.

AFFIRMED.

---

**3.** Chapter 3, § 34 of the APM reads:

   *I. Salaried Employee*

   An exempt executive, administrative or professional employee as defined by the FLSA who regularly receives a predetermined amount of compensation each pay period that constitutes all or part of the employee's compensations, which amount is not subject to reduction because of variations in the number of days worked unless one of the following exceptions is met:

   1. The employee is absent for work for a day or more for personal reasons, other than sickness or accident.

   2. The employee is absent for a day or more occasioned by sickness or disability and deduction is made in accordance with a bona fide plan, policy or practice for providing compensation for loss of salary occasioned by both sickness and disability.

   3. The County imposes penalties in good faith for major safety violations.

Exception 1 to § 34, allowing deductions for personal absences, is consistent with 541.118(a)(2). Exception 2 to § 34, for sickness/disability absences, is consistent with 541.118(a)(3).