**Jay and Janet WEBSTER, Plaintiffs,**

v.

**PUBLIC SCHOOL EMPLOYEES OF WASHINGTON, INC., Defendant.**

**No. C98–247L.**

United States District Court,
W.D. Washington,
at Seattle.

Dec. 15, 1998.

**824**

Daniel L. Theime, Alan Kenneth Willert, Susan Virginia Wright, Foster, Pepper & Shefelman, Seattle, WA, for Plaintiffs.

Michael J. Killeen, Jeffrey Bennett Youmans, Davis Wright Tremaine LLP, Seattle, WA, Bruce E. Heller, Reed McClure, Seattle, WA, for Defendants.

## ORDER GRANTING SUMMARY JUDGMENT

LASNIK, District Judge.

This matter comes before the Court on both parties' motions for summary judgment. Plaintiff Jay Webster is a field representative for the Public School Employees union (PSE). He seeks overtime pay under the federal Fair Labor Standards Act (FLSA) and the Washington Minimum Wage Act (WMWA). PSE seeks summary judgment dismissal on the grounds that Webster is an exempt administrative employee under both laws. Webster seeks partial summary judgment that he is not exempt. Having considered the memoranda and other materials filed by both sides, the Court finds plaintiff is an exempt administrative employee, and hereby grants summary judgment dismissal in favor of defendant.

PSE represents "classified" public school employees, including bus drivers, secretaries, and maintenance staff. Webster is PSE's field representative for a region that consists largely of the Olympic Peninsula. He negotiates collective bargaining agreements and administers those agreements by representing individual members in processing grievances. He is paid a salary of approximately $65,000 per year. He often works in excess of 40 hours per week, but has never received overtime pay.

Both the FLSA, 29 U.S.C. § 207, and the WMWA, RCW 49.46.130, forbid employers to employ their workers in excess of 40 hours per week unless the employer pays one and one half times the employee's wage for those hours. Both laws exempt workers employed in a "bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1); RCW 49.46.010(5)(a). PSE claims Webster is exempt from maximum hour protection because he is a bona fide administrative employee.

### 1. Duties Test

Both the state and federal laws leave elaboration of their exemptions to the respective state and federal regulatory authorities. Under those regulations,[1] an administrative employee is one whose primary duty consists of work "directly related to management policies or general business operations of his employer or his employer's customers."[2] 29 C.F.R.

---

1. The state regulations are nearly identical to the federal regulations, with the latter being more elaborate. WAC 296–128–520; 29 C.F.R. § 541 (1998). Except where the parties have done otherwise, the Court will refer only to the federal regulations.

2. There are several other factors: exercising independent judgment, minimal supervision, and salary-based compensation. The only other factor under dispute here is the salary-basis test, which is discussed below.

§ 541.2(a)(1). This phrase "describes those types of activities relating to the administrative operations of a business as distinguished from 'production.'" 29 C.F.R. § 541.205(a). Thus, the administrative employee is involved in "'the running of a business, and not merely ... the day-to-day carrying out of its affairs.'" *Bratt v. County of Los Angeles,* 912 F.2d 1066, 1070 (9th Cir.1990) (quoting court below, without citation). Plaintiff claims he performs productive, not administrative tasks for his employer and his employer's customers.

While apparently conceding that plaintiff does "production" as opposed to administrative work for the union, PSE argues that plaintiff provides administrative services to its customers, the union's members, or the bargaining units to which they belong. The FLSA regulations explain that "many bona fide administrative employees perform important functions as advisors and consultants but are employed by a concern engaged in furnishing such services for a fee." 29 C.F.R. § 541.205(d). Among the examples given are labor relations consultants. PSE argues that Webster is essentially a labor relations consultant hired by the union members through the union.

Plaintiff responds that this strains the language of the rule because the union's customers, its members, do not have "management policies or general business operations" to which his work could relate. He also argues that if the "customers" are actually the collective bargaining units, the customers' day-to-day affairs consist of negotiating and administering labor contracts. Since this is precisely the work he does for the customer, he is engaged in its productive, not administrative work. PSE says that the productive work of its members and the collective bargaining units to which they belong is serving public schools, and Webster assists in administering that work by negotiating the conditions under which they work.

In *Bratt,* the Ninth Circuit held that deputy probation officers were not exempt from the FLSA as administrative workers either of the probation department or of the courts they served. As to the latter, the court noted, "although probation officers provide recommendations to the courts, these recommendations do not involve advice on the proper way to conduct the business of the court, but merely provide information which the court uses in the course of its daily production activities." 912 F.2d at 1070. The same cannot be said of Webster. His primary duty is contract negotiation. By his own testimony, this involves helping the negotiating committee—representatives of the bargaining unit employees—draft a proposed contract, and negotiating the adoption of such a contract with the district. *See* Killeen Dec.Ex. 1 at 37, 41. Thus, his work involves advising the bargaining unit on how to conduct its business (in terms of hours, wages, and working conditions). Webster's work satisfies the duties test for a bona fide administrative employee.

### 2. Salary–Basis Test

Although plaintiff receives a salary, he argues that he is not a bona fide administrative employee because his compensation fails the salary-basis test. According to the FLSA regulations, an employee is paid on a salary basis if he regularly receives "a predetermined amount" which "is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.118(a). PSE requires Webster to record the hours he works. When he records less than 40 hours in a week, his vacation or sick leave bank is docked for that time. Unused portions of those leave banks can, in some circumstances, be "cashed out" for pay. Webster argues that since the quantity of his work could affect the amount of his compensation, he is not paid on a salary basis under the regulation.

The Ninth Circuit has held that the "predetermined amount" of compensation

that cannot be varied under section 541.118(a) refers to cash or salary. *Barner v. City of Novato,* 17 F.3d 1256, 1261 (9th Cir.1994). It held that a reduction in paid leave time does not affect that amount. *Id.* at 1261–62. Plaintiff argues that *Barner* is based upon a regulation by the Department of Labor that only applies to public employees. The Court disagrees with this reading. He also argues that his case is distinguishable because his leave may be cashed out, and therefore qualifies as "cash." The fact that the employer chooses to allow cash-out is not a sound basis for distinction, and the plain language of the regulation protects one's salary only. Webster's salary cannot be reduced for variations in his weekly hours, so he meets the FLSA's salary-basis test.

Webster argues that Washington courts would answer the question in his favor when construing the WMWA. He cites apparently the only state case on point, *Tift v. Professional Nursing Services,* 76 Wash.App. 577, 886 P.2d 1158 (1995). The court held that an employee who was paid a weekly salary for her work up to 40 hours per week, but received additional pay (at a regular, not overtime, rate of pay) for additional hours in each week, was not paid on a salary basis under the statute. *Id.* at 585, 886 P.2d 1158. The Washington Legislature apparently nullified this result when it amended RCW 49.46.130(2) to allow employers to pay additional compensation without affecting exempt status. Plaintiff argues this narrow change does not affect the analysis of *Tift.* However, this change is exactly the scope of the question decided by *Tift,* and while the reasoning of *Tift* suggests the state courts might find that leave-docking is inconsistent with salary-based pay under the WMWA, it does not compel that conclusion. Since the state courts look to federal caselaw where state cases are lacking, *Chelan County Deputy Sheriffs' Assoc. v. County of Chelan,* 109 Wash.2d 282, 291, 745 P.2d 1 (1987), the Court concludes that Webster is paid on a salary basis under

state law, for the same reasons as he is under federal law.

THEREFORE, Webster is an exempt employee; defendant's motion for summary judgment is GRANTED, plaintiff's motion is DENIED, and this case is DISMISSED.

The Clerk of the Court is directed to send copies of this order to all counsel of record.