**Neil M. HURLEY, and all other similarly situated employees of the State of Oregon, Plaintiffs–Appellants,**

**v.**

**STATE OF OREGON; Fred D. Miller, in his individual capacity; Reginald B. Madsen, in his individual capacity, Defendants–Appellees.**

No. 93–35687.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 1994.

Decided June 17, 1994.

John E. Hoag, Hoag, Vick, Tarantino & Garrettson, Eugene, OR, for plaintiffs-appellants.

Virginia L. Linder, Asst. Atty. Gen., Salem, OR, for defendants-appellees.

Before: TANG, BOOCHEVER, and REINHARDT, Circuit Judges.

Opinion by Judge REINHARDT.

REINHARDT, Circuit Judge:

## I. INTRODUCTION

Neil M. Hurley represents a class of employees ("Class") of the Oregon State Police. The Class appeals the district court's summary judgment ruling, which held that its members were paid on a "salary basis" and therefore were not entitled to overtime compensation. We reverse.

## II. BACKGROUND

The Class includes criminalists, first sergeants, lieutenants, and captains employed by the Oregon State Police. Under the police Disciplinary Procedures Manual ("Manual"), Class members are subject to "economic sanctions" whenever they violate departmental rules or policies. These sanctions include reductions in pay, temporary demotions with corresponding reductions in pay, and suspensions without pay.

The Class contends that the Oregon State Police violated the provisions of the Federal Labor Standards Act ("FLSA") by failing to pay overtime to its members. Under Department of Labor regulations, employees who are subject to disciplinary reductions in pay generally (i) are *not* paid on a "salary basis" and (ii) are entitled to overtime compensation when they work more than the statutorily prescribed number of hours during a statutorily established time period. The Class argued that because its members were subject to disciplinary pay reductions, they were not paid on a "salary basis" and were entitled to overtime compensation for all excess hours worked.

The Class sought back pay and an equal amount in liquidated damages. The parties filed cross motions for summary judgment on the issue of liability. The district court heard oral arguments and granted the Oregon State Police's motion. The Class timely appeals.

## III. DISCUSSION

Both parties agree that the question before us is a purely legal one: whether, under Department of Labor regulations, the "economic sanctions" provided for in the Manual serve to invalidate the state's classification of the Class members as salaried employees. We conclude that they do.

## A. Department of Labor Regulations

■ Under the FLSA, an employer must generally pay its employees overtime compensation if they work in excess of forty hours a week.[1] The number of hours and the period of time is different for law enforcement officers and firefighters, but the principle is the same.[2] However, an employer does not have to pay overtime compensation to "any employee [including law enforcement officers] employed in a bona fide executive, administrative, or professional capacity." See 29 U.S.C. § 213(a)(1).

Under Department of Labor regulations, the "bona fide executive, administrative, or professional capacity" exception is not applicable unless the employee is compensated for his services on a salary basis. See 29 C.F.R. §§ 541.1(f) (executives), 541.2(e)(1) (administrators), 541.3(e) (professionals). An employee is compensated on a salary basis only if his compensation is not subject to reduction based on the "quality or quantity of the work performed." See 29 C.F.R. § 541.118(a).[3]

Put differently, an employee whose compensation is not subject to reductions for the "quality or quantity of the work performed" is generally not entitled to overtime compensation. (This is ordinarily because such an employee is compensated on a "salary basis" and thus is a "bona fide" executive, administrator, or professional). Conversely, an employee whose compensation is subject to reductions is generally entitled to overtime compensation.

There is, however, a further refinement to the above rules: salary reductions for viola-tions of "safety rules of major significance" are an exception. Reductions for safety violations do not change a salaried employee's status. See 29 C.F.R. § 541.118(a)(5). However, "safety rules of major significance" includes "only those [rules] relating to the prevention of serious danger to the plant, or [to] other employees." Id. (emphasis added).[4] Employees whose compensation is subject to reduction based on a violation of any other rules are ordinarily considered non-salaried and are entitled to overtime.

## B. Analysis

■ 1. Concessions by the Oregon State Police. The Manual permits the imposition of "economic sanctions" on Class members for the violation of virtually any department rule or policy (e.g., sanctions for misconduct or exercising poor judgment). Furthermore, Class members' established compensation was in fact reduced on at least eight occasions. Salaries were reduced because Class members failed to be "truthful" at all times, because they did not have a "polite" and "neat" appearance, and because they did not generate "accurate and complete" reports concerning the discovery, investigation, and disposal of certain evidence. Indeed, the Oregon State Police concede that the Class members were on a number of occasions subjected to salary reductions for the "quality or quantity of the work performed" by them.

The Oregon State Police also concede that the reductions in compensation were not im-

---

1. The FLSA provides:

Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
See 29 U.S.C. § 207(a)(1).

2. See 29 U.S.C. § 207(k).

3. 29 C.F.R. § 541.118(a) provides:

An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which

amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked.
Id. (emphasis added).

4. The regulation provides:

Penalties imposed in good faith for infractions of safety rules of major significance will not affect the employee's salaried status. Safety rules of major significance include only those relating to the prevention of serious danger to the plant, or other employees, such as rules prohibiting smoking in explosive plants, oil refineries, and coal mines.
Id.

posed for violations of "safety rules of major significance." None of the sanctioned Class members engaged in behavior that could have caused "serious danger to the plant, or other employees." Accordingly, the Police do not rely on the 29 C.F.R. § 541.118(a)(5) exception.[5]

*2. Prospectivity Argument.* Instead, the Oregon State Police argue that the "salary" reductions did not affect the Class members' salaried status because the reductions were purely prospective in nature. They rely on 29 C.F.R. § 541.118(a), which states that an individual is "salaried" if he receives a "predetermined amount" each pay period. The Police argue that Class members always received their "predetermined amount" because the Class members' salaries were never reduced while the pay period in which the violation occurred was in progress. Instead, implementation of any reduction was delayed until the end of that period; a class member's newly reduced salary became the "predetermined amount" for *future* pay periods only. Accordingly, the Oregon State Police argue that Class members were always salaried employees.

■ We reject the state's argument. It fails because "predetermined amount" is not defined as the amount that is received during a single pay period or that is determined on a pay-period by pay-period basis. Rather, "predetermined amount" is defined as the

amount that is "*regularly* receive[d] *each* pay period." *See* 29 C.F.R. § 541.118(a) (emphasis added). That means a fixed amount paid during each of an indeterminate number of pay periods—not the amount paid for a single two- or four-week pay period. Of course, a salary may also be established for a fixed period of reasonable duration. However, under no circumstances can an amount established for one pay period only qualify as salary under the "regularly received each pay period" standard.

■ Here, the "predetermined amount" (i.e., the amount that was "regularly" received) was the Class members' established salary they received over the course of a substantial number of pay periods. During the time in which a salary reduction was in force, Class members received *less* than their "predetermined amount."[6] As soon as the disciplinary period ended, however, their pay was increased back to the prior level. Because Class members did not receive their "full salary" during the weeks in which a reduction in their established compensation was in force, they may not be classified as salaried employees. *Id.*[7]

Taken to an extreme, the state's argument would allow an employer to reduce its employees' "salary" *every pay period*—for any reason whatsoever—as long as each reduction was purely "prospective" in nature. As we have seen above, an employer may reduce an executive, administrative, or professional

---

5. *See Klein v. Rush–Presbyterian–St. Luke's Medical Ctr.*, 990 F.2d 279 (7th Cir.1993) (rules relating to tardiness, rude behavior, and appearance were not "safety rules of major significance"); *see also Shockley v. City of Newport News*, 997 F.2d 18 (4th Cir.1993) (same for rules punishing one's failure to report absences).

6. The district court erroneously characterized the penalties as "salary renegotiations." The evidence clearly shows that the penalties were in fact disciplinary reductions. First, the Manual permitted the police to impose "economic sanctions" for violations of rules. Second, the letters announcing the salary reductions specifically state that the measures are being taken for disciplinary reasons.

7. We do not mean to suggest that the fact that the state implemented the deduction provision is necessary to our decision. All that is required to render a classification ineligible for salary basis status is that the compensation be *subject to* reduction for rules violations. *See Abshire v.*

*County of Kern*, 908 F.2d 483, 487 (9th Cir.1990) (holding that the proper inquiry is not whether deductions were actually made, but rather whether an employee's pay was "subject to" such a deduction), *cert. denied*, 498 U.S. 1068, 111 S.Ct. 785, 112 L.Ed.2d 848 (1991).

Our recent opinion in *Barner v. City of Novato*, 17 F.3d 1256 (9th Cir.1994), is not to the contrary. That opinion is of limited scope. The challenged policy in *Barner* was a "non-express policy"—i.e., the city had failed to adopt any actual policy. Instead, it had delegated authority over the matter to the city manager. The manager testified only that he *might* authorize deductions if the issue ever arose. Thus, we properly treated the issue as if no policy existed. Moreover, *Barner* involved only potential deductions for "employee absences of less than one day." As the *Barner* court pointed out, the Department of Labor had adopted a specific regulation pertaining to deductions for such absences. *Id.* at 1263. Because the policy involved in this case is an official governmental policy, and because this

employee's salary only for violations of "safety rules of major significance." Otherwise, compensation that is *subject* to change by the employer at the end of each pay period is simply not a "salary"—under the applicable regulation or the plain meaning of that term. The state cannot be permitted to circumvent the express language and clear purpose of the regulations with its artificial distinction, regardless of its ingenuity.[8]

## IV. CONCLUSION

We reverse the district court's summary judgment in favor of the Oregon State Police. Because we decide the sole legal issue in favor of the Class,[9] we reverse and remand this case for the calculation of back pay and a determination of the liquidated damages issue.

REVERSED and REMANDED.

case does not involve potential deductions for employee absences of less than one day (which are subject to the special departmental regulation), *Barner* is not applicable here.

8. The parties dispute whether a rule permitting disciplinary demotions would affect the employees' salaried status. Conceivably, a rule permitting permanent demotions would not, even if the demoted employee would be eligible for promotion to his former classification at a later date, and even if he were in fact promoted into it after a reasonable period of time. As to other forms of disciplinary demotions, less permanent on their face, we do not express any view.

9. We find, and the parties agreed at oral argument that because we decide the salary reduction issue in favor of the Class, we need not reach any of the Class' other arguments.