64 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James L. SPYKERMAN; John Asselin; Robert Bement; Pat
Dalton, et al., Plaintiffs-Appellees,
v.
VENTURA COUNTY FIRE PROTECTION DISTRICT, Defendant-Appellant.
 Nos. 93-56422, 93-56496.
 United States Court of Appeals, Ninth Circuit.
 Submitted and Submission Deferred March 6, 1995.*
Resubmitted July 19, 1995.
Decided Aug. 10, 1995.
As Amended on Grant of Rehearing Nov. 6, 1995.
 
 Before: BROWNING and BEEZER, Circuit Judges, and HAGGERTY, District Judge.**
 MEMORANDUM***
 Defendant Ventura County Fire Protection District ("Fire District") appeals the district court's order holding the Fire District liable to the Plaintiffs, individual Fire Battalion Chief Officers ("Battalion Chiefs"), for overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"). The Battalion Chiefs cross-appeal the district court's damage award.
 The district court had jurisdiction pursuant to 29 U.S.C. Sec. 216(b) and we have jurisdiction pursuant to 28 U.S.C. Sec. 1291. In light of our recent opinion in Service Employees Int'l Union, Local 102, et al. v. County of San Diego, 35 F.2d 483 (9th Cir.1994), as amended and supplemented by slip op. 8757 (July 19, 1995) ("SIEU "), we reverse the judgment of the district court and remand for further proceedings.
 * The Battalion Chiefs filed this action against the Fire District claiming that the Fire District violated the FLSA, 29 U.S.C. Sec. 201 et seq., by failing to pay them overtime for work hours in excess of forty hours a week. The district court granted summary judgment in favor of the Battalion Chiefs, holding that they were not executive, administrative or professional employees and, as a result, were entitled to overtime compensation. The district court also granted summary judgment in favor of the Fire District allowing certain partial exemptions which resulted in limiting the damages awarded to the Battalion Chiefs.
 The parties then filed this appeal and cross-appeal. We review a grant of summary judgment de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 II
 The FLSA was enacted to protect employees from adverse employment conditions in the private sector and has been extended to protect state and local government employees. Under the FLSA, employers must pay an employee overtime compensation if the employee works in excess of forty hours a week. 29 U.S.C. Sec. 207(a)(1). However, the FLSA exempts from its overtime requirements "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. Sec. 213(a)(1). The Fire District contends that the Battalion Chiefs fall within the "executive exemption" and are not entitled to overtime pay.
 In order to satisfy the overtime exemption for administrative or executive employees, an employer must satisfy a two part test promulgated by the Department of Labor ("DOL"). The first part of this test is a "duties test" and the second is a "salary test." Barner v. City of Novato, 17 F.3d 1256, 1259-60 (9th Cir.1994). An employee is entitled to overtime pay if the employer cannot satisfy both parts of this test. Abshire v. County of Kern, 908 F.2d 483, 484 (9th Cir.1990), cert. denied, 498 U.S. 1068 (1991).
 At issue in this case is the salary test. This test provides that an employee must be compensated on a genuine salary basis to qualify as an executive, administrator, or professional subject to the overtime exemption. "An employee is compensated on a salary basis only if his compensation is not subject to reduction based on the 'quality or quantity of the work performed.' " Hurley v. Oregon, 27 F.3d 392, 394 (9th Cir.1994).
 In 1991 and 1992, the DOL revised its regulations concerning the applicability of this test to the public sector. The DOL recognized that the salary test conflicted with many state and local statutes prohibiting employees from being paid for time not actually worked. In September 1991, the DOL adopted an interim final regulation, suspending application of the salary test to public sector employees. The next year, in August 1992, the DOL published its final regulation amending the salary test to allow salary reductions for less-than-a-day absences without a loss of the exemption for public sector employees. 29 C.F.R. Sec. 541.5d (1993).
 The district court held that the Fire District failed to satisfy the salary test because the Battalion Chiefs were paid on an hourly basis rather than a salary basis. The district court considered the revised salary test and concluded that it did not affect the outcome because, first, it is not retroactive and, second, factors other than less-then-a-day pay reductions indicate compensation on an hourly basis. Because the district court relied on the salary test, it did not consider the duties test.
 Since judgment was entered by the district court, we have held that the "salary test," as it existed before the September 6, 1991 interim final regulation, is invalid in its entirety as applied to the public sector. SEIU, slip op. at 8774. In SEIU, we concluded that in order to qualify for the executive and administrative exemption from the FLSA, public sector employees need only meet the duties test prior to the enactment of the interim regulation in 1991. Id. at 1354.
 In light of SEIU, we reverse and remand this case to the district court to consider whether the Battalion Chiefs are exempt from overtime pay. For purposes of remand, the district court should consider whether the Battalion Chiefs were exempt from FLSA overtime under the duties test alone for wages earned prior to September 6, 1991. See id. ("through September 6, 1991, for public sector employees to qualify for the executive and administrative exception to the FLSA, they need only have satisfied the duties test."). After September 1991, the district court should consider whether under both the duties test and the revised salary test, the Battalion Chiefs are exempt.[1]
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Ancer L. Haggerty, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court did consider the 1992 revisions to the salary test but held that the Battalion Chiefs were not exempt from overtime payments even under this more flexible salary test. Given the number of decisions on the issue of overtime payments under the FLSA since the district court entered judgment in this case, we remand this case in its entirety. Because we reverse on the issue of liability, we need not reach the damages issues raised on appeal