94 F.3d 651
 134 Lab.Cas. P 33,581, 3 Wage & Hour Cas.2d
(BNA) 1728
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jess D. HERNANDEZ; Timothy J. Graber; Jimmy D. Dalton;
John T. Chambers; Thomas W. Skelly; and William
A. Zastrow, Plaintiffs-Appellees,
v.
CITY OF SANTA ANA, Defendant-Appellant.
 No. 93-56624, 93-56713.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1996.
Decided Aug. 12, 1996.
 
 1
 Before: FERNANDEZ and TASHIMA, Circuit Judges, and MERHIGE, Senior District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 The Appellant City of Santa Ana (the "City") appeals from the judgment of the district court awarding the Appellees, Jess D. Hernandez, Timothy J. Graber, Jimmy D. Dalton, John T. Chambers, Thomas W. Skelly and William A. Zastrow, the battalion chiefs in the City's fire department (the "Fire Chiefs") overtime compensation in their action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq (the "FLSA").
 
 I.
 
 4
 The Fire Chiefs filed this FLSA action seeking back overtime pay on October 8, 1992. On October 5, 1993 the matter was before the district court for a two-day bench trial. The district court made the following factual findings, none of which appear to be challenged on this appeal.
 
 
 5
 Hernandez, Graber, Dalton, Chambers, Skelly and Zastrow are Battalion Chiefs who have been employed by the City continuously since October 8, 1990.
 
 
 6
 Pursuant to the City's Charter, the Fire Chiefs may be suspended from duty without pay for periods of less than one week as a disciplinary measure for reasonable and sufficient cause which includes, but is not limited to, sexual harassment, unexcused absences of more than one day, and other reasons that may or may not be infractions of safety rules of major significance.
 
 
 7
 None of the Fire Chiefs has actually been suspended in this manner.
 
 II.
 
 8
 Under the FLSA, employees must ordinarily be paid overtime compensation if they work more than forty hours in one week. 29 U.S.C. § 207(a)(1). However, the FLSA exempts from its overtime rule "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). Employees fit within the overtime-exempt category for administrative or executive employees where they meet both of two tests: a "duties test" and a "salary test." Barner v. City of Novato, 17 F.3d 1256, 1259-60 (9th Cir.1994).
 
 
 9
 In this case the district court concluded that the Fire Chiefs were entitled to overtime compensation solely because they did not meet the "salary test." The district court did not reach the issue of the "duties test." We conclude that the district court did not err when it determined that the Fire Chiefs did not meet the "salary test" and were, accordingly, not exempt from the FLSA requirement that they receive overtime compensation.
 
 
 10
 As this Court explained in Hurley v. Oregon, 27 F.3d 392, 394 (9th Cir.1994), the reasoning behind the "salary test" is that an employee compensated on a "salary basis" is ordinarily a "bona fide" executive, administrator, or professional whereas an employee whose compensation is subject to reductions is generally entitled to overtime compensation. Id. at 394. However, while there is an exception for salary reductions for violations of "safety rules of major significance," "[e]mployees whose compensation is subject to reduction based on a violation of any other rules are ordinarily considered non-salaried and are entitled to overtime." Id. In this case the Fire Chiefs were covered by, and subject to, an explicit employment policy authorizing them to be suspended without pay for a period of less than a full workweek as a disciplinary measure for non-major safety violations. The fact that no such suspensions may have been implemented by the City does not alter the Fire Chiefs' non-salaried status. See id. at 395 n. 7.
 
 
 11
 The district court awarded the Fire Chiefs overtime compensation for the period from October 8, 1990 to October 2, 1993. This judgment must be modified in light of this Court's holding in Service Employees International Union, Local 102 v. County of San Diego, 60 F.3d 1346 (9th Cir.1994), cert. denied, 116 S.Ct. 774 (1996).[1] In SEIU this Court held that, prior to September 6, 1991, public sector employees did not have to meet the "salary test" in order to fall within the executive and administrative exemption. Accordingly, the district court's determination as to the pre-September 6, 1991 period must be set aside and the case returned to the district court for consideration of whether the Fire Chiefs met the "duties" test for this period.
 
 
 12
 The City shall bear the costs of appeal.
 
 III.
 
 13
 The judgment of the district court is AFFIRMED IN PART as to the award of overtime compensation for the period beginning on September 6, 1991. The judgment of the district court as to the pre-September 6, 1991 period is VACATED and REMANDED for consideration of whether the "duties" test has been met. The Fire Chiefs have abandoned their cross-appeal and it is hereby dismissed.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 SEIU was not decided until after the district court had ruled in this case